CLARENCE E. FISH

*v.*

LAWRENCE E. McGANN.

| 205 | 179 |
| 207 | 323 |

*Opinion filed October 26, 1903—Rehearing denied December 4, 1903.*

1. CIVIL SERVICE—*one who declines re-instatement is out of the classified service.* A civil service employee who declines re-instatement after being laid off is out of the classified service, and cannot claim any advantage from his former employment in such service.

2. SAME—*sections 10 and 12 of Civil Service act construed.* Section 10 of the Civil Service act, providing for the discharge of an employee by the head of the department, refers to "probationers," whose appointment is not complete, while section 12, providing for a hearing before discharge, refers to those in classified service.

3. SAME—*section 1 of rule 6 of civil service commission is valid.* Section 1 of rule 6 of the Chicago civil service commission, which provides that the appointment of probationers shall be complete after six months' satisfactory service, but that the head of the department may complete the appointment after two months by certifying such completion to the commission, does not delegate to the department head the power to fix the term of probation.

4. SAME—*probationer cannot be discharged before commission consents.* Under section 10 of the Civil Service act a probationer cannot be discharged by the head of the department until the latter has assigned his reasons, in writing, to the commission and the commission has consented to such discharge.

5. PLEADING—*demurrer admits truth of facts well pleaded.* A demurrer to a pleading confesses the truth of the facts well pleaded, and if the party elects to abide by his demurrer after it is overruled, the judgment is conclusive of the facts confessed.

6. SAME—*what an admission that petitioner was regularly discharged.* By demurring to an answer in *mandamus* alleging that the petitioner was discharged "in accordance with the Civil Service law and rules," the petitioner admits that all steps in the matter of his discharge were regularly taken under such law and rules.

*Fish* v. *McGann,* 107 Ill. App. 538, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

This is a petition for *mandamus,* filed by appellant in the circuit court of Cook county on April 3, 1902, against appellee, as comptroller of the city of Chicago, to compel the latter to re-instate petitioner in the position of chief clerk in the comptroller's office of the city.

The petition sets up the adoption by the city of Chicago of the Civil Service act of 1895 in that year, and the appointment of civil service commissioners under and by virtue thereof; that in November, 1899, petitioner, after having passed an examination as required by law under the rules of said commissioners, was appointed as clerk in the city collector's office, and was afterwards transferred to the special assessment bureau where he remained until November 8, 1900; that on or about February 20, 1901, he was appointed as a clerk in the city collector's office, which position he held until April 1, 1901; that on July 10, 1901, he took an examination for the position of chief clerk in the comptroller's office, and was on or about February 13, 1902, appointed to that position, which he held until March 31, 1902; that on March 31, 1902, without the consent of the commission, without the filing of written charges against him, without any opportunity to defend, and without any investigation before said commission, or before any board appointed by it to conduct any such investigation, he was discharged by the comptroller. The answer of appellee, respondent below, among other things, alleges:

That on February 20, 1901, said petitioner was appointed to the position of clerk in the city collector's office; that he was employed in said position until April, 1901; that he was laid off on or about April 1, 1901, and was tendered re-instatement on or about June 26, 1901;

that he declined and refused to be re-instated, and waived his right to re-instatement on or about June 26, 1901; that his waiver of his right to re-instatement in said position was duly accepted on or about the day last mentioned; that on July 10, 1901, an examination was held for chief clerk in the comptroller's office of the city of Chicago; that said examination was an open examination, and was not a promotional one; that petitioner took said examination, and passed the same, and was certified to the position of chief clerk in the comptroller's office of the city on January 28, 1902, and was appointed to said position on February 13, 1902.

The answer further alleges as follows: "This respondent further says that said petitioner was appointed as a probational appointee in accordance with section 1 of rule 6 of the civil service rules, which is as follows: 'The appointment shall be on probation for a period of six months. At the end of this period, if the conduct and capacity of the person appointed have been satisfactory, the appointment shall be deemed complete, but the appointing officer may complete the appointment at any time after the expiration of two months by certifying such completion to the commission.'

"This respondent further answering says that the following rule was also duly adopted by the civil service commission, and is now in full force and effect, and was in full force and effect at the time of the last mentioned appointment of said petitioner: 'If any probationer shall, upon fair trial, be found incompetent or disqualified for the performance of the duties of the position he is filling, the appointing officer shall certify the same in writing to the commission. Upon the approval of the commission such probationer shall be dropped from the service.'

"This respondent further says that on March 31, 1902, in accordance with the Civil Service law and rules, and prior to the expiration of the period of probation of the said petitioner, he discharged the said petitioner upon

assigning in writing his reason therefor to the said civil service commission; that said petitioner had a fair trial in the duties of chief clerk of the comptroller's office; that he was found incompetent and disqualified for the performance of the duties of the position; that this respondent so certified in writing to the commission, and assigned in writing his reason for the discharge of said petitioner to said commission, and that said discharge was consented to and approved of by said commission on April 4, 1902, and said petitioner was duly notified of his discharge April 5, 1902, by said commission."

To this answer the petitioner filed a demurrer, both general and special, and upon hearing the circuit court overruled the demurrer. The petitioner elected to stand by his demurrer, and thereupon the court rendered a judgment against him for costs. From that judgment appellant appealed to the Appellate Court for the First District, which court affirmed the judgment of the circuit court. From the judgment of affirmance so entered by the Appellate Court this appeal is prosecuted by appellant.

CLARENCE E. FISH, *pro se.*

CHARLES M. WALKER, Corporation Counsel, and WILLIAM H. SEXTON, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

*First*—The petitioner claims that he was improperly discharged from the position of chief clerk in the comptroller's office of the city, upon the alleged ground that he could not be removed or discharged except for cause upon written charges, and after an opportunity to be heard in self-defense, and after an investigation of such charges by or before the civil service commission. In other words, appellant claims that section 12 of an "Act to regulate the civil service of cities," (1 Starr & Curt.

Ann. Stat.—2d ed.—chap. 24, par. 330, p. 829,) applies to his case. Section 12 is in part as follows: "No officer or employe in the classified civil service of any city, who shall have been appointed under said rules and after said examination, shall be removed or discharged except for cause, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be investigated by or before said civil service commission, or by or before some officer or board appointed by said commission, to conduct such investigation."

Section 10 of the Civil Service act provides as follows: "The appointing officer shall notify said commission of each position to be filled separately, and shall fill such place by the appointment of the person certified to him by said commission therefor, which appointment shall be on probation for a period to be fixed by said rules. * * * At or before the expiration of the period of probation, the head of the department or office, in which a candidate is employed, may, by and with the consent of said commission, discharge him, upon assigning in writing his reason therefor to said commission. If he is not then discharged, his appointment shall be deemed complete." (Id. pp. 828, 829).

By the terms of sections 12 and 10, as above quoted, two cases of discharge are provided for. One applies to persons in the classified civil service, and the other applies to persons, whose appointment is on probation, or persons known as "probationers." As section 12 appears to apply to persons in the classified civil service, it does not apply to appellant under the facts of the present case. The appointee, to whom section 12 applies, is not "in" the classified service until the probation period has expired by the running of the six months, or until the certification of the appointing officer prior to that time, as provided for by section 1 of rule 6 enacted by the commission. Section 4 of the act provides that the commission shall make rules to carry out the purposes of the

act, and for examinations, appointments and removals in accordance with its provisions. Section 1 of rule 6 is set forth in the statement preceding this opinion. Section 2 of rule 6, providing that, "if any probationer shall, upon fair trial, be found incompetent," etc., is also set forth in the statement preceding this opinion.

The facts, fairly interpreted, show that appellant, when discharged, was a mere probationer, and not entitled to the hearing and investigation specified in section 12. This is so for the following reasons:

The case was heard in the court below upon demurrer to respondent's answer. The object of such hearing was to determine whether the well pleaded facts of the answer constituted grounds of defense to the petition. (*Johnson* v. *Roberts*, 102 Ill. 655). A demurrer to a pleading admits the truth of the facts well pleaded, though it does not admit the conclusions sought to be drawn from them by the pleader. (*Compher* v. *People*, 12 Ill. 290; *Greig* v. *Russell*, 115 id. 483; *County of Christian* v. *Merrigan*, 191 id. 483). Where, as is the case here, a demurrer is interposed to a pleading, which the court overrules, and the defendant elects to abide by the demurrer, the judgment thereupon entered is conclusive of the facts confessed by the demurrer; and no proof of such facts is necessary other than that appearing upon the record. The facts, alleged in the pleading, are, in such case, admitted of record by the judgment of the court upon the demurrer. (*Nispel* v. *Laparle*, 74 Ill. 306.)

The answer of respondent, the present appellee, alleged that, after petitioner, the present appellant, was laid off on or about April 1, 1901, as a clerk in the city collector's office, he was tendered re-instatement on or about June 26, 1901, which he declined and refused to accept, and that his waiver was duly accepted on or about June 26, 1901. Appellant, by his demurrer, admitted the truth of this allegation in the answer. Having thus declined and refused to accept re-instatement, he

was thereby separated from the civil service, and could not claim any advantage from his prior employment by the city as clerk under civil service rules. The answer further alleges that, on July 10, 1901, appellant entered into an open—not a promotional—examination for the position of chief clerk in the comptroller's office, passed the examination, was certified to the position January 28, 1902, and was appointed February 13, 1902; and that he was appointed, as a probational appointee, in accordance with section 1 of rule 6 above referred to. By his demurrer to the answer, the appellant also admits the truth of this allegation. Upon the face of the record, therefore, he admits that he entered into an open, and not a promotional, examination, and that he was appointed as a probational appointee in accordance with section 1 of rule 6. Consequently, his discharge is to be regarded as having occurred in pursuance of the provisions of section 10 of the Civil Service act, as already quoted, and of section 1 of rule 6, passed in pursuance of section 10. For the reasons thus stated, we are of the opinion that the first point made by the appellant, to the effect that he could only be discharged in pursuance of the terms of section 12, is not well taken.

*Second*—Appellant, however, contends further that, even if the provisions of the statute and of the rules in regard to appointees, serving on probation, apply to his case, yet that section 1 of rule 6 is invalid and void. It is insisted, as a conclusion from the contention that section 1 of rule 6 is invalid, that no probational period has been fixed in accordance with the statute, and that, for this reason, no appointee can be discharged except under and in pursuance of section 12 of the act.

Section 10 of the act provides that the "appointing officer shall notify said commission of each position to be filled separately, and shall fill such place by the appointment of the person certified to him by said commission therefor, which appointment shall be on probation

for a period to be fixed by said rules." It is said that,
under this provision of the statute, the period of pro-
bation is to be fixed by the civil service commission in
their rules; that they have no right to delegate the power
thus to fix the period of probation; that, by the terms
of section 1 of rule 6, such power is delegated to the ap-
pointing officer, or the head of the department or office in
which a candidate is employed; and that, for this reason,
the rule is invalid. We do not think that there is any
delegation of the power, conferred upon the commission,
to fix the period of probation. Section 1 of rule 6 fixes six
months as the period of probation, and provides that, at
the end of this period, the appointment shall be deemed
complete, if the conduct and capacity of the person ap-
pointed have been satisfactory. While six months is fixed
as the maximum period of probation, two months is fixed
by section 1 of the rule as the minimum period of pro-
bation. Although the period of probation is fixed at six
months, yet section 1 of rule 6 provides that the appoint-
ing officer may complete the appointment at any time
after the expiration of two months by certifying such
completion to the commission. The object of having a
period of probation is to determine whether the conduct
and capacity of the person appointed are satisfactory,
notwithstanding the fact that he has passed the required
examination, and his appointment has been certified by
the commission to the appointing officer. If, after a pe-
riod of two months, the appointee has demonstrated con-
clusively that his conduct and capacity are satisfactory,
it would seem to be unnecessary to wait the full period
of six months before completing the appointment. It
would be impossible for the commission itself to test the
capacity of the person appointed by observing his con-
duct and supervising his work. The duty of observing
his conduct and testing his capacity, in order to deter-
mine whether both are satisfactory, properly devolves
upon the officer, under whom the appointee serves. The

commission, in requiring the appointing officer to determine whether the appointee is capable of filling the position to which he is appointed, does not delegate to the appointing officer the power to fix the period of probation, but merely requires him to aid the commission by determining whether the conduct and capacity of the appointee are satisfactory, and certifying the same to them. The appointing officer is required by section 1 of rule 6 to certify "such completion" to the commission. That is, to certify to them whether, after having tested the capacity of the appointee for more than two months, he regards him as capable of filling the position. The commission may employ agents to do certain work without delegating its authority to fix a period of probation to such agents.

It is a well settled doctrine that a legislative body cannot delegate its legislative authority; but it has often been decided that the legislature may authorize many things to be done by others, which it might properly do itself. (*People* v. *Hoffman*, 116 Ill. 587). In *Chicago, Burlington and Quincy Railroad Co.* v. *Jones*, 149 Ill. 361, it was said that the legislature might authorize others to do things which it might properly, but could not conveniently or advantageously, do itself. In *City of Chicago* v. *Stratton*, 162 Ill. 494, it was said: "The legislature cannot delegate its power to make a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend." Section 6 of the Civil Service act gives the civil service commission the control of all examinations of applicants for positions, but at the same time authorizes the commission to designate a suitable number of persons to act as examiners. So, here, the rule fixes the period of probation, both as to its maximum and its minimum length, but provides that that period may be abbreviated, in case the applicant demonstrates his capacity for the office within a time less than

the maximum period fixed by the rule, and authorizes the appointing officer, to whom the name of the applicant has been certified, to determine the fact upon which the final action of the commission is to depend. The completion of the appointment is not left to be effected by the appointing officer alone, but he must certify such completion, that is to say, the fact of the capacity of the person appointed, to the civil service commission.

We are of the opinion, that there is no such delegation, by section 1 of rule 6, by the civil service commission, of its power to fix the period of probation to the appointing officer, as is condemned by the cases referred to by appellant's counsel. The rule is not void as being the re-delegation of discretionary power.

*Third*—It is furthermore claimed on the part of the appellant that, before he was discharged, the consent of the civil service commission should have been granted thereto, but that, after he was discharged by the city comptroller, the consent of the commission was obtained. There is much force in the position thus taken by the appellant. Section 10 of the Civil Service act provides that, "at or before the expiration of the period of probation the head of the department or office, in which a candidate is employed, may, by and with the consent of said commission, discharge him upon assigning in writing his reason therefor to said commission." Clearly, under the terms of this statute, the head of the department or office must assign in writing his reasons for discharging an appointee, to the commission, and must have the consent of the commission to such discharge before he actually makes the discharge. The allegation of the answer in regard to this matter is somewhat obscure. Looked at from one point of view, it would appear that the appellant was discharged on March 31, 1902, and that such discharge was consented to and approved of by the commission thereafter on April 4, 1902. But looked at from another point of view, the allegation may be regarded

as so far sufficient as to justify the court in overruling the demurrer thereto. The allegations of the answer show that the petitioner was notified of his discharge on April 5, 1902, by the civil service commission. If the discharge was not perfected until he received such notification, then the consent of the commission to his discharge preceded the actual taking effect of the discharge. Moreover, the answer avers, that the appellee, the city comptroller, complied with all the requirements of the statute, and of the rules made in pursuance of the statute, in making the discharge. The answer avers that the appellee discharged the petitioner "in accordance with the Civil Service law and rules." The Civil Service law required that the consent of the commission should precede the discharge, and if the discharge was made in accordance with the Civil Service law, it was made in accordance with these requirements thereof. Section 2 of rule 6 provides that, "if any probationer shall, upon fair trial, be found incompetent or disqualified for the performance of the duties of the position he is filling, the appointing officer shall certify the same in writing to the commission. Upon the approval of the commission such probationer shall be dropped from the service." The answer avers, that the appellee assigned in writing his reason for the discharge to the civil service commission. It also alleges that appellant had a fair trial in the duties of chief clerk of the comptroller's office and was found incompetent and disqualified for the performance of the duties of the position, and that appellee so certified in writing to the commission, and assigned in writing his reasons for the discharge of appellant to the commission. All these allegations of the answer are admitted to be true by the demurrer filed thereto by the appellant. If they were true, appellee complied with the statute, and with the rules of the commission, in making the discharge. By the terms of section 2 of rule 6, the discharge could not be fully completed until the commis-

sion approved of it, because the rule says that "upon the approval of the commission, such probationer shall be dropped from the service." He is not properly dropped from the service until the commission approves of the act of dropping him or discharging him. It is fairly inferable from the allegations of the answer, that this approval by the commission, which took place on April 4, 1902, preceded the actual dropping of the appellant from the service. If his discharge was complete on March 31, 1902, it would seem to be unnecessary that he should have been notified of the same by the commission as late as April 5, 1902.

Appellant makes severe criticism upon the effects, which will follow from permitting the appointing officer or the head of the department or office, in which a candidate is employed, to discharge a candidate in the manner specified in the statute and rules, although the discharge here under consideration is merely that of a probationer, or an appointee serving for a period of probation before the final completion of his appointment. Whether the provision of the statute is wise or not, the legislature in section 10 has certainly conferred upon the head of the department or office, by and with the consent of the commission, the right to discharge such a probationer upon assigning in writing the reason therefor to the commission. If this provision of the statute is not wise, it is for the legislature to change it, and not for the courts to put upon it a different interpretation from that, which the plain meaning of the words employed justify.

For the reasons above stated, we are of the opinion that the circuit court properly overruled the demurrer to the answer. Accordingly, the judgment of the Appellate Court, affirming the judgment of the circuit court is affirmed.

*Judgment affirmed.*