**People of State of Illinois ex rel. Orlando Vestuto, Appellee, v. Timothy J. O'Connor, Commissioner of Police of City of Chicago et al., Appellants.**

**Gen. No. 45,956.**

540

Opinion filed July 2, 1953. Rehearing allowed July 28, 1953. New opinion filed October 7, 1953. Released for publication December 14, 1953.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, for appellants; L. LOUIS KARTON, Head of Appeals and Review Division, and EARL A. DEUTSCH, Assistant Corporation Counsel, both of Chicago, of counsel.

MICHAEL F. RYAN, of Chicago, for appellee; RICHARD F. McPARTLIN, JR., of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court. This is a mandamus suit to compel the reinstatement of relator Orlando Vestuto to the Chicago Police De-

partment from which he had been discharged. Defendants moved to strike the complaint. The motion was denied and they stood by the motion. Judgment was entered for the relator ordering the writ to issue. Defendants have appealed.

The motion to strike admitted the following facts: Vestuto completed the Civil Service examination for patrolman in March, 1947. The list of successful candidates was posted September 12, 1947. The Commission investigated his moral character, found it good and certified him October 16, 1951 to the Commissioner of Police for appointment. Vestuto performed the duties that were assigned him until November 17, 1951, when he was suspended. He was discharged November 23, 1951.

Section 10 of the City Civil Service Act (chap. 24½, Ill. Rev. Stat. [1951, § 48; Jones Ill. Stats. Ann. 23.049]) authorizes the Police Commissioner, as a "department head," to discharge patrolmen during the probationary period of six months, "by and with the consent of said commission . . . upon assigning in writing his reason . . . ." November 16, 1951 the Police Commissioner requested authority to discharge Orlando Vestuto for having been "Arrested November 5, 1934. Charged with burglary and malicious mischief." Attached to the letter was a report: "From Sgt. James Ryan" on "Subject: Character investigation of candidate Patrolman Orlando Vestuto. Juvenile Court Record." There followed a statement that Orlando Vestuto, 13 years of age with three other boys, 10 to 15 years old, had in 1934 entered a window of Mitchell School and wrecked and damaged the principal's office and other rooms, threw ink, paper and ". . . took fountain pen, pencils, paste, a $3.00 cake and a $6.50 pair of shoes, damaged furniture etc." The school's damages were $650 and the statement indicated Ves-

tuto had "No Record." Vestuto was committed to the Chicago Parental School for four months.

After this commitment Vestuto returned to Mitchell School and was graduated in 1936. He entered the United States Army as a private in 1944, served in the South Pacific and was honorably discharged in 1946 as a sergeant. He worked as a laborer and bricklayer apprentice before appointment to the police department. When suit was filed he was 30 years of age and was living with his wife and two children. Both of his children were attending Mitchell School when Vestuto was discharged from the police force.

█ Rule II, sec. 6 of the Rules of the Commission provide among other things that before "final action" by the Commission, a probationer, "appointee," upon proof of "bad character and immoral conduct" shall be given an opportunity to be heard. *People ex rel. Bergquist v. Gregory,* 337 Ill. App. 661. It is conceded that the Commission Rules have the binding effect of the Civil Service Act. It is conceded also that Vestuto was given no opportunity to be heard.

█ We presume that the "consent" required under sec. 10 of the City Civil Service Act was intended as a check upon the arbitrary action of a department head. We presume too that the "opportunity to be heard" in Rule II, sec. 6 of the Commission Rules was intended as a restraint against arbitrary action by the Commission itself. The right to have his discharge consented to by the Commission was a substantial right of Vestuto.

█ The term consent implies an intellectual act giving assent (*People v. Walker,* Gen. No. 45957 [351 Ill. App. 545], opinion filed concurrently with this opinion). Consent implies a knowledge of the facts. We think that the knowledge needed for consent is that which the ordinary prudent person would require be-

fore giving assent to as serious a matter as the discharge of a probationary patrolman. Getting the knowledge in this case did not involve formal pleadings, witnesses and attorneys.

 Judging the "consent" of the Commission as of the time it was given in this case, we think the record shows that it does not meet the test. The Commission had before it a letter from the Police Commissioner, accompanied by the report of a police sergeant, of the unlawful conduct of a juvenile 13 years of age. We cannot assume that there was anything more before it, even a positive identification of the juvenile and the probationer, because the case is here on the pleadings and Vestuto was not heard. We think this falls far short of the basis for the "consent" intended by the Legislature. We conclude that the Commission did not "consent" as required by sec. 10 of the Act, and accordingly that the discharge was wrongful.

 We have affirmed the judgment on a ground different from that of the trial court's decision. We are not limited to the reason given by the trial court.

 Defendant claims this suit should be barred because relator did not proceed under the Administrative Review Act. (Chap. 110, Ill. Rev. Stat. [1951, §§ 264–279; Jones Ill. Stats. Ann. 104.094(1)–104.094 (16)].) There is no merit to this contention. The discharge of the relator was by the Police Commissioner and not by the Commission. The provisions of the Administrative Review Act apply to proceedings before administrative agencies as defined in the Administrative Review Act. (Chap. 110, par. 264, Ill. Rev. Stat.) We think the Police Commissioner in discharging Vestuto was not a "person . . . having power under law to make administrative decisions" as the Act defines administrative decisions. Defendants make no showing to the contrary.

544

It is our view that the action of the Police Commissioner was not a "decision, order or determination" which terminated the "proceedings" before an administrative agency. We think the term "proceeding" contemplates an administrative process which presents an issue for hearing and disposition by an impartial third agency. This conclusion is supported by a consideration of the provisions of the Act which limit review to 35 days after serving a copy of the "decision . . . upon the party affected thereby," (chap. 110, par. 267, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 104.094(4)]) and extends review to "all questions of law and fact" and "no new or additional evidence" shall be heard, and the findings of fact "shall be prima facie true and correct." (Chap. 110, par. 274, Ill. Rev. Stat. [1951; Jones Ill. Stats. Ann. 104.094(11)].) The action of the Commissioner did not measure up to an administrative proceeding.

For the reasons given the judgment is affirmed.

*Affirmed.*

FEINBERG, P. J. and LEWE, J., concur.