Charles Rose, Appellee, v. Civil Service Commission, Stephen E. Hurley et al., Appellants.

Gen. No. 47,029.

First District, First Division.
June 19, 1957.
Released for publication October 4, 1957.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, and Joan C. Miller, Assistant Corporation Counsel, of Chicago, of counsel) for defendants-appellants.

Heber T. Dotson, of Chicago, for plaintiff-appellee.

JUDGE SCHWARTZ delivered the opinion of the court.

The trial court entered judgment on the pleadings in favor of plaintiff for the issuance of a writ of mandamus commanding the Civil Service Commission of the city of Chicago to withdraw its consent to plaintiff's discharge as a probationary patrolman and directing the defendants to give plaintiff a hearing before authorizing or refusing to consent to his discharge. From this order defendants have appealed.

We will state the facts as they appear from the pleadings. Plaintiff made an application, took and passed a civil service examination for the position of patrolman in the Police Department of the city of Chicago, and on February 16, 1954, was appointed a probationary patrolman. On March 6, 1954 he was

suspended by the Commissioner of Police because he had made the following false statements in his application. In answer to the question, "Were you ever in the service of the city of Chicago, or of Cook county?" he replied "No," when, as a matter of fact, he had been in the service of the city as a probationary patrolman in 1950. In answer to the question whether he had ever been discharged from the service of the city of Chicago or any other public corporation, he said, "No," although the fact was that he had been discharged in 1950. In answer to the question whether he had ever been examined for a position in any branch of the official services of the city of Chicago, he also answered "None." At the bottom of the application blank on which these questions appear was the following paragraph:

"Notice of Disqualification.

Proof of false statement made in any application shall be grounds for excluding an applicant from any examination or for removal of name from any eligible list, or for discharge after appointment."

The facts with respect to the misrepresentations made in plaintiff's application were reported by letter to the Civil Service Commission by the Commissioner of Police on March 5, 1954, with a request for authority to discharge plaintiff. Included in this letter from the Commissioner of Police to the Commission was a further report that plaintiff had falsely represented that he had worked for Pritkin Furniture Co. and that the director of personnel of the Department had been advised by that company that while they knew plaintiff, he had never worked for them.

Plaintiff does not deny the false representations he made. He contends, in effect, that his first discharge in 1950 was without a hearing, that his only method of getting a hearing was to misrepresent the facts in his second application and, if and when discovered, to in-

sist on a hearing which would reveal the unfairness of discharge in 1950. His argument appears to be that the misrepresentations he made in order to become a probationary policeman were "white lies" designed to procure what he considered ultimate justice. Our Supreme Court has not looked with favor on such misrepresentations. In People ex rel. Jendrick v. Allman, 396 Ill. 35, the Supreme Court held unconstitutional an amendment to the Civil Service Act providing that no person in civil service entitled to military preference should be removed or discharged because he had misstated his age. The court said that this not only granted immunity for the consequences of a fraudulent act but rewarded it by reinstating the guilty party to a position obtained fraudulently. This, the court said, was repugnant not only to the constitutional provision against granting special privileges and immunities to favored classes but is likewise repugnant to basic morality.

The language of the statute with respect to probationers is clear. It specifically provides for discharge by the head of the department in which the candidate is employed, with the consent of the Commission, upon assigning in writing to the Commission his reason therefor. (Sec. 10, Cities Civil Service Act (Ill. Rev. Stat. 1955, Ch. 24½, Par. 48).) Thus, only two things are required by law to make the discharge of a probationer effective: 1. The assignment of a reason therefor to the Commission; and 2. The consent of the Commission to the discharge. The decisions of this state support the only reasonable interpretation of this statute. Fish v. McGann, 205 Ill. 179; Kenyon v. City of Chicago, 135 Ill. App. 227; People ex rel. Weichern v. Smykal, 12 Ill.App.2d 398; People ex rel. Heffernan v. Smykal, 13 Ill.App.2d 342. In Fish v. McGann, supra, the conclusion of the opinion reads as follows:

"Whether the provision of the statute is wise or not, the legislature in section 10 has certainly conferred

upon the head of the department or office, by and with the consent of the commission, the right to discharge such a probationer upon assigning in writing the reason therefor to the commission. If this provision of the statute is not wise, it is for the legislature to change it, and not for the courts to put upon it a different interpretation from that, which the plain meaning of the words employed justify."

In Kenyon v. City of Chicago, supra, the plaintiff, a probationer, was discharged by the department head with the consent of the Civil Service Commission. He contended that he was removed without a trial, upon written charges, and without an opportunity to defend himself. The court held that he was not entitled to a trial. In the recent cases of People ex rel. Weichern v. Smykal, supra, and People ex rel. Heffernan v. Smykal, supra, this court likewise so held. In Dalton v. Darlington, 108 N.Y.S. 626, the court said, p. 627–8:

"In considering this question it must not be overlooked that the primary purpose of civil service laws and rules is to promote the good of the public service, and that purpose is not to be frustrated by technical or narrow constructions. The purpose of the probationary period is to enable the appointing officer to determine whether a permanent appointment is desirable. That question is left solely to his judgment, and he has the whole probationary period in which to decide it."

The Dalton case was cited and approved in Marasco v. Morse, 22 N.Y.S.2d 315.

Plaintiff cites People ex rel. Bergquist v. Gregory, 337 Ill. App. 661. There, it was charged that the plaintiffs, who took the examination for policewomen, had misrepresented their ages. The Civil Service Commission assumed the initiative and directed the Police Commissioner to request authority to discharge them. This the Commissioner did against his own judgment.

341

The letter signed by the Commissioner was prepared by the Commission, and not by him. He neither requested nor made the investigation. The court said, in effect:

"We do not say that lying about age or any other matter is not a defect in character. Neither do we say that previous lying would not be a reason for discharge under Section 10 of the Act. We do say that it is plain from the record that the reason given for the discharge of plaintiffs in the letter of February 21st was not the Police Commissioner's reason but that of the Commission."

Thus the decision was based on the conclusion by the court that the discharge was not the act of the Commissioner.

Plaintiff also cites People ex rel. Walker v. O'Connor, 351 Ill. App. 545. There, the plaintiff had submitted a false report relative to his indictment on the charge of rape. It was on that basis that the Commission gave consent to his discharge. The fact, as the court stated it to be, was that he had not made a false report but a false statement which, the court said, was not the basis upon which the Commission consented and therefore it could not be said that the Commission had consented. As we view it, the consent required in the statute is only as to the discharge and not as to the reason set forth. In the instant case there was a meeting of the minds on both the reason and the discharge.

The third case cited by plaintiff is People ex rel. Vestuto v. O'Connor, 351 Ill. App. 539, holding that under the rules of the Commission the plaintiff was entitled to a hearing. At that time Section 6 of Rule 2 of the Commission provided that proof of false statements made in any application should be ground for omission or removal from an eligible register or for dismissal from the service after certification, provided that any such eligible, applicant or appointee shall be given an opportunity to be heard in his own defense.

342

Subsequently in 1952 a proviso was adopted, explicitly stating that the provision should have no application to a discharge during the period of probation, and hence the decision in the Vestuto case is not in point. The rule, as it now stands, is in conformity with the statute. If it were not, the statute would control.

 Counsel for the city advises, and the fact so appears from an ordinance of which we may take judicial notice, that many hundreds of patrolmen are being added to the police force. It is vital to the protection and safety of the City of Chicago that they should be men of integrity, devoted to police work. The many cases which have come before us reveal the temptations which beguile the weak and the venal. People v. Moretti, 6 Ill.2d 486; Foreman v. Civil Service Commission, 7 Ill.App.2d 122; Martin and Topinka v. Civil Service Commission, 7 Ill.App.2d 128; Nolting v. Civil Service Commission, 7 Ill.App.2d 147; McCaffery v. Civil Service Board, etc., 7 Ill.App.2d 164, and many others. Great caution should attend the entry of an order by any judge substituting his judgment for that of the executive department and ordering the restoration of a discharged employee. If a policeman is involved, the consequences attendant upon an improvident order can be disastrous, for a court thereby reinvests with authority and arms a man who does not have the confidence of his department head. If the trial court's judgment were sustained, plaintiff, a probationer, would obtain substantially the same hearing accorded one fully accepted in the classified service. This would result in a circumvention of the statute which is intended to give the head of the department, with the Commission's consent, the right to exercise a broad authority in determining whether a probationer is the proper person to discharge the duties of his office. Many imponderables which cannot be discovered by an examination enter into such a determination and are, in the nature of the formal litigation now fol-

lowing a contested discharge, difficult, if not impossible, to present as a legal issue. To try out these questions upon a hearing would defeat the purpose of the Act.

Judgment reversed.

ROBSON, P. J. and McCORMICK, J., concur.