THE PEOPLE ex rel. HENRY J. SHELTON, Plaintiff-Appellee, v. THE CITY OF CHICAGO et al., Defendants-Appellants.

(No. 57144;

First District (4th Division)—July 25, 1973.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Edmund Hatfield, Assistant Corporation Counsel, and Paul T. Foxgrover, Senior Law Student, of counsel,) for appellants.

Richard F. McPartlin, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

This is an appeal by the City of Chicago, defendant, from a judgment in the Circuit Court ordering a writ of mandamus to issue commanding the City to grant to Henry J. Shelton, relator, back salary and attendant rights for a period during which he was suspended from his job as a probationary building inspector.

The record reveals that at the time of his suspension, relator was employed as a code enforcement inspector, grade II, in the Department of Buildings. He had taken and passed civil service examinations for both grade I and grade II and was certified on June 1, 1969, as having successfully completed those tests.

On July 7, 1969, Shelton was indicted on charges of official misconduct and perjury. Relator consulted Mr. Duffy, the Deputy Commissioner and attorney for the Department of Buildings, and was advised that it would be impossible for him to return to work until he had cleared himself of the charges. Shelton requested postponement of the suspension until after his vacation, which was scheduled to begin on July 7, but his request was denied. The suspension notice read as follows:

"Dear Mr. Shelton:

You are suspended from your position of Code Enforcement Inspector II in the Department of Buildings for a period of Twenty-nine (29) days effective this date [July 7, 1969], pending further investigation."

At the time of the suspension, relator was told that if the charges were favorably disposed of, he could return to work at the Department. Nothing was said about his interim salary rights.

On September 8, 1970, after a trial, Shelton was acquitted of the charges of official misconduct and perjury. He applied for reinstatement as a building inspector and on September 18, 1970, was restored to his position as a grade II code enforcement inspector with probation considered served.

On December 30, 1970, Shelton filed the instant action for a writ of mandamus. After a trial, the court found that Shelton was entitled to back pay for the period from August 5, 1969 (which was 30 days after his suspension), to September 18, 1970, including any salary increases and longevity, seniority and vacation increments. The trial court found that Shelton's lost salary amounted to $11,904.10, and that his outside earnings for the period were $7,034.94, leaving a balance due him of $4,869.16.

On appeal, the defendant City contends (1) that relator's suspension from his employment as a probationary building inspector while he was

under indictment was proper and legal, and that he has no right to back pay during this period for work he did not perform; (2) that the mandamus action is barred by relator's failure to make a demand on the City for back salary and attendant rights prior to instituting this action, and (3) that the action is also barred by the relator's *laches*.

Relator contends (1) that no civil service employee, probationary or otherwise, may be legally suspended without pay in excess of 30 days; (2) that the question of failure to make a demand on the City was not argued in the trial court and cannot be raised for the first time on appeal, and that in any case, a demand would have been futile, and (3) that the action is not barred by *laches*.

It is undisputed that at the time of the suspension, Shelton was a probationary employee. Such probationary employment in the civil service is provided for by Ill. Rev. Stat. 1969, ch. 24, par. 10—1—14, which states that,

> "* * * original appointment shall be on probation for a period not to exceed 6 months * * *."

■■ It is well established that a probationary employee may be discharged or dismissed without a hearing. (*Rose v. Civil Service Com.*, 14 Ill.App.2d 337, 144 N.E.2d 768.) In *Rose*, the appellate court quoted *Dalton v. Darlington*, 108 N.Y.S. 626, 628, as follows:

> " 'The purpose of the probationary period is to enable the appointing officer to determine whether a permanent appointment is desirable. That question is left solely to his judgment, and he has the whole probationary period in which to decide it.' " 14 Ill.App. 2d at 341, 144 N.E.2d at 770.

It was further stated in *Rose* that,

> "* * * the statute * * * is intended to give the head of the department, with the Commission's consent, the right to exercise a broad authority in determining whether a probationer is the proper person to discharge the duties of his office. Many imponderables which cannot be discovered by an examination enter into such a determination and are, in the nature of the formal litigation now following a contested discharge, difficult, if not impossible, to present as a legal issue. To try out these questions upon a hearing would defeat the purpose of the Act." 14 Ill.App. 2d at 343-344, 144 N.E.2d at 771.

In the instant case, the Commissioner of Buildings could have discharged relator without a hearing, but suspended Shelton instead. It is obvious that Shelton regarded the Department's action as reasonable under the circumstances. The record shows that relator acquiesced in the decision since he did not return to work until the charges against him

were cleared. He did not protest the suspension or institute an action for reinstatement.

■■ Relator relies on Ill. Rev. Stat. 1969, ch. 24, par. 10—1—18, which provides that,

> "Nothing in this Division I limits the power of any officer to suspend a subordinate for a reasonable period, not exceeding 30 days * * *."

This sentence, however, must be read in conjunction with the first sentence of the same section, which provides as follows:

> "Except as hereinafter provided in this section, no officer or employee *in the classified civil service* of any municipality who is appointed under the rules and after examination, may be removed or discharged, or suspended for a period of more than 30 days, except for cause upon written charges and after an opportunity to be heard in his own defense." (Emphasis added.)

It is apparent from the statute that the rule concerning suspensions of more than 30 days is applicable only to employees "in the classified civil service." Moreover, our supreme court has held that an employee is not "in" the classified civil service until the probationary period has expired. *Fish v. McGann,* 205 Ill. 179, 183, 68 N.E. 761, 763.

This court has recently denied a request for back pay on facts very similar to those in the case at bar. In *People ex rel. Heavey v. Fitzgerald,* 10 Ill.App.3d 24, 293 N.E.2d 705, Heavey, like Shelton in the instant case, was a building inspector who was suspended when he was indicted on criminal charges. At the time of the suspension, Heavey was told that if the charges were favorably resolved, he would be allowed to return to work. As in the instant case, no mention was made of interim salary rights. After Heavey was accquitted, he went to the Department and asked to be reinstated. Instead, it was suggested that he take a leave of absence. Heavey then instituted a mandamus suit for reinstatement and back pay, from May 8, 1970, the date on which he was suspended, to May 28, 1971, the date on which the defendants were served with process. The trial court ordered Heavey restored to his former position, but denied him back pay except for the 20 day period from the date he requested reinstatement until the date the defendant was served with process. The appellate court affirmed the trial court's order in all respects. The court emphasized, with respect to the issue of back pay, that Heavey was never told by any of his superiors that he would be paid for the time he was suspended.

The case at bar is strikingly similar on the facts to *Heavy.* Here too, nothing was said at the time of his suspension about relator's interim salary rights. The only difference between the two cases is that Heavey's

position was stronger than relator's because he was a certified civil service employee.

■■ We have carefully reviewed the authorities cited by relator in support of his position and find that they are distinguishable on the facts from the case at bar. In view of our decision to reverse on the merits, we need not consider the City's contentions as to laches and failure to make a demand.

Accordingly, the judgment of the Circuit Court will be reversed.

Reversed.

ADESKO and DIERINGER, JJ., concur.