EUFIDEL ALBERTY, Plaintiff-Appellant, *v.* DAVID L. DANIEL, Director of Cook County Department of Public Aid, Defendant-Appellee.

(No. 59588;

First District (3rd Division)—December 19, 1974.

Davis, Miner, Barnhill & Bronner, of Chicago (Charles Barnhill, Jr., and George F. Galland, Jr., of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner and Edna Selan Epstein, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Plaintiff, Eufidel Alberty, brought action against David L. Daniel, Director of Cook County Department of Public Aid, seeking reinstatement to his position, back pay, and restoration of seniority. Plaintiff's second amended complaint, in which he petitioned for a writ of certiorari, a writ of mandamus, and relief under the Federal Civil Rights Act of 1871 (42 U.S.C. § 1983 (1970).) was dismissed upon motion of defendant. Plaintiff appeals from the order of dismissal.

The issues on appeal raised exclusively on the pleadings are: (1) whether a state court has jurisdiction of an action predicated on 42 U.S.C. § 1983 of the Federal statutes; (2) whether a cause of action for violation of rules and regulations in the discharge of a probationary employee is stated; and (3) whether a cause of action for violation of civil rights under 42 U.S.C. § 1983 is stated.

Count I of plaintiff's amended complaint, entitled "Petition for Writ of Certiorari," states in substance that:

(1) plaintiff was a probationary employee of the Department of Public Aid from March 16, 1971, to May 9, 1971;

(2) defendant Director has the authority to discharge probationary employees only in accordance with the regulations of the Department;

(3) On May 9, 1971, plaintiff was presented with an evaluation report stating that his job performance was failing and that said evaluation was in error and prepared contrary to the

rules of the Department in the following respects:

a) plaintiff's supervisor was prejudiced against plaintiff because of race or national origin;

b) no regular conferences with his supervisor were afforded;

c) plaintiff was given less training in his job than customary;

d) plaintiff was given a disproportionately greater case load;

e) the evaluation did not specify the areas of performance in which plaintiff failed to meet minimum standards and was concerned only with the incidents occurring during a two-day period;

f) the evaluation was graded lower than deserved because of his supervisor's prejudice against him; and

g) the evaluation, purportedly encompassing the work under two supervisors, was predicated on the opinion of one supervisor, the other rating plaintiff as a good employee;

(4) on May 9, 1971, plaintiff was dismissed from the Department on the basis of the evaluation;

(5) pursuant to Department rules, plaintiff filed a grievance, a hearing was held thereon, and the committee ruled that the evaluation was in error and recommended reinstatement;

(6) although grievance procedures exempt probationary employees, it has been the custom of the Department to accept grievances concerning the content and preparation of evaluations; and

(7) contrary to the grievance procedure established, defendant discharged plaintiff by arbitrarily refusing to follow the recommendation of the grievance panel.

Plaintiff further alleges that the Director refused to read the record and examine the evidence taken by the panel, allowed himself to be counseled by a person prejudiced against plaintiff, based his decision to discharge plaintiff on the *ex parte* counsel of a prejudiced employee and not upon the evidence or recommendations of the grievance panel, and failed to submit the reasons for plaintiff's discharge to the civil service commission as required by law. Plaintiff further states that the Cook County Civil Service Commission denied review of plaintiff's appeal from defender's decision to discharge plaintiff, and that as a result of defendant's refusal to abide by the rules of the grievance procedure and the failure of plaintiff's evaluation to conform to and be supported by applicable Department rules, plaintiff was denied due process of law contrary to the constitutions of the United States and the State of Illinois.

In Count II, designated "Petition for Mandamus," plaintiff realleges the above and further states that the "right sought to be enforced in this

proceeding by petitioner is a public right, and the statutory duty which respondent refused to perform is a duty owned [*sic*] to the public."

In Count III, entitled "Complaint for Discrimination," plaintiff realleges the above and further states that the actions of the defendant and his agents were in violation of 42 U.S.C. § 1983 and constituted a violation of his civil rights.

## I.

Initially, we consider the issue of whether the Illinois courts have jurisdiction to adjudicate claims for alleged violations of civil rights predicated on section 1983 of title 42 of the United States Code (42 U.S.C. § 1983 (1970)), which provides:

> "Civil Action for Deprivation of Rights. Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendant maintains that the remedy provided under section 1983 may be sought only in the Federal district courts and argues that section 1343 of title 28 of the United States Code (28 U.S.C. § 1343 (1970)) limits claims under section 1983 to the Federal courts which have exclusive jurisdiction in such matters. Defendant claims that this is analogous to matters arising out of Federal bankruptcy laws that preclude State courts from hearing cases predicated upon the Federal bankruptcy law. Section 1343 of title 28 (28 U.S.C. § 1343 (1970)) provides in pertinent part:

> "Civil Rights and Elective Franchise. The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> *   *   *
>
> (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;   *   *   *."

Plaintiff relies on *People v. Fort* (1971), 133 Ill.App.2d 473, 273 N.E.2d 439, and *Chicago Welfare Rights Organization v. Weaver* (1972), 5 Ill. App.3d 655, 284 N.E.2d 20, as supporting the maintenance of the action in the state courts. Although these cases were commenced in Illinois

courts, predicated upon section 1983, the question of jurisdiction was not considered nor determined in either instance. We have, however, reviewed the few decisions considered by our sister states.

In *Perry v. Apache Junction Elementary School District #43* (1973), 20 Ariz. App. 561, 514 P.2d 514, 516, the Arizona Appellate Court held that the appellant should be allowed to put on proof of any denial of due process and damages caused thereby. The court referred to its previous holding in *New Times, Inc. v. Arizona Board of Regents* (1973), 20 Ariz. App. 422, 513 P.2d 960, where it held that 28 U.S.C. § 1343 does not confer an exclusive jurisdiction upon the federal courts to adjudicate claims founded upon 42 U.S.C. § 1983. The court held that although the federal courts have original jurisdiction in such matters the state courts possess concurrent jurisdiction. See also *Lakewood Homes, Inc. v. Board of Adjustment* (C.P. Allen County 1970), 23 Ohio Misc. 211, 52 Ohio. Op. 2d 213, 258 N.E.2d 470, *aff'd in part, rev'd in part* (1971), 25 Ohio App. 2d 125, 54 Ohio Op. 2d 306, 267 N.E.2d 595.

■■ In *Chamberlain v. Brown* (Tenn. 1969), 442 S.W. 2d 248, 252, the Supreme Court of Tennessee, after an examination of the legislative history of 42 U.S.C. § 1983, stated that "it would be illogical indeed to hold that a State court should enforce, or is required to enforce, an alleged cause of action which owes its very existence to congressional recognition of reluctance or refusal of State courts to act." We disagree with and choose not to follow the holding in *Chamberlain* for the very reason that although the historical background and the congressional records as recited by the court pertinent to this legislation indicate that the statute creating the action was directed to the Federal trial forum, there is no evidence that the action was limited to the exclusive jurisdiction of the Federal courts. The provisions of 28 U.S.C. § 1343 confer upon injured parties the right to maintain an action based on section 1983 in the Federal courts without the necessity of satisfying jurisdictional requirements of the diversity of citizenship and amount in controversy. The practical considerations as to pursuing relief in the federal or state courts are left to the individual litigants. We conclude that the courts of the State of Illinois have concurrent jurisdiction with the Federal courts to hear claims founded upon alleged violations of 42 U.S.C. § 1983.

## II.

Next to be considered is the sufficiency of plaintiff's allegations in the second amended complaint to state a cause of action. Plaintiff has asserted three separate alleged violations of rules and regulations, and in addition, a claimed violation of civil rights under the Federal statute. Defendant's first contention thereto is that the plaintiff, as a probationary employee,

had no constitutionally protected right either to be retained as a probationary employee or to be promoted to permanent status. He therefore argues that plaintiff was not denied due process of law by his summary discharge in the absence of such right. Nevertheless, the courts of this State have recognized the rights of probationary employees not to be discharged except according to law. See *People ex rel. Shelton v. City of Chicago* (1973), 13 Ill.App.3d 729, 301 N.E.2d 162.

In the instant case plaintiff has alleged that defendant failed to submit in writing to the civil service commission the reasons assigned for plaintiff's discharge, as required by law. The statute specifies that a probationary employee serves at the discretion of the appointing officer or the executive head of the department in which such employee is then employed (Ill. Rev. Stat. 1971, ch. 34, par. 1118). Rule VI-4 of the Civil Service Commission of Cook County relative thereto states: "While serving his probationary period, any person may have his employment in the service terminated by the officer having the power of appointment *upon such officer's assigning in writing the reasons for such termination* and with the consent of the Commission." (Emphasis supplied.)

In *Fish v. McGann* (1903), 205 Ill. 179, 188, 68 N.E. 761, the supreme court held that under the terms of the statute, the head of the department *must* assign in writing his reasons for discharging an appointee. In *Rose v. Civil Service Com.* (1957), 14 Ill.App.2d 337, 340, 144 N.E.2d 768, this court more specifically stated:

> "Thus, only two things are required by law to make the discharge of a probationer effective: 1. The assignment of a reason therefor to the Commission; and 2. The consent of the Commission to the discharge."

Again, in *People ex rel. Vestuto v. O'Connor* (1953), 351 Ill.App. 539, 543, 115 N.E.2d 810, the court held:

> "We presume that the 'consent' required under sec. 10 of the City Civil Service Act was intended as a check upon the arbitrary action of a department head. * * * The right to have his discharge consented to by the Commission was a substantial right of Vestuto.
>
> The term consent implies an intellectual act giving assent (*People v. Walker*, Gen. No. 45957 [351 Ill.App. 545], opinion filed concurrently with this opinion). Consent implies a knowledge of the facts. We think that the knowledge needed for consent is that which the ordinary prudent person would require before giving assent to as serious a matter as the discharge of a probationary patrolman."

■■■ While the consent required in the statute is only as to the dis-

charge and not as to the reason set forth (*People ex rel. Heffernan v. Smykal* (1957), 13 Ill.App.2d 342, 349, 142 N.E.2d 133), and although a plaintiff is not entitled to a hearing before the commission upon the alleged real reason for his discharge (*People ex rel. Wiechern v. Smykal* (1957), 12 Ill.App.2d 398, 139 N.E.2d 839), it is established that a probationary employee may be discharged without a hearing with the commission's consent, provided the head of the department follows the procedure authorized in *Rose v. Civil Service Commission, supra.* In the instant case, plaintiff has alleged that no written assignment of reasons for his discharge was tendered to the commission. The allegations are sufficient to sustain an action that defendant violated Rule VI-4 of the Civil Service Commission of Cook County in discharging plaintiff.

### III.

Defendant agrees with plaintiff that he, as director of an administrative agency, was required to follow his own rules and regulations in establishing a detailed procedure for the evaluation of probationary employees. Plaintiff reasons that the purpose of the procedure is to protect probationary employees from losing their jobs on the basis of unfair evaluations and that since the procedure of interim evaluations, regular conferences or written recommendations supported by documentation was not followed, a substantial right of the plaintiff was violated. Defendant responds that the Illinois statute (Ill. Rev. Stat. 1971, ch. 34, par. 1118) and Rule VI-4 of the Cook County Civil Service Commission specifically exempt probationary employees from the safeguards against discharge accorded to permanent employees.

Plaintiff has set forth in his complaint a memorandum of the Cook County Department of Public Aid, dated April 5, 1968, entitled "Evaluations on Probationary Employees," which provides in part:

"1. A ninety (90) day or interim evaluation must be submitted on every employee who is serving his probationary period.

2. A six (6) month or final evaluation must be submitted at the end of the probationary period.

\* \* \*

4. It is essential that regular conferences be held with employees who are serving their probationary period \* \* \* and should be held frequently enough to assure full and complete periodic review of the employee's performance.

\* \* \*

6. \* \* \* [R]ecommendations for a release of an employee are based upon the observation and judgment of the supervisors \* \* \* [N]o action can be taken on such recommendations

unless they are supported by proper documentation which gives specific information concerning the areas of performance in which the employee has failed to meet minimum standards."

■■ We find that the procedures established do not limit the right and duty of defendant to make independent evaluations of probationary employees in proper cases. The allegations in the complaint indicate that plaintiff was employed for less than 8 weeks and, accordingly, a 90-day or a 6-month evaluation would have been premature at the time of his discharge. While the memorandum provides for regular conferences it does not specify when they were to be held. Plaintiff has failed to allege any facts establishing, either by custom or otherwise, the regularity required for such conferences. Defendant admits in his brief to this court that plaintiff received an unsatisfactory evaluation on his job performance and was dismissed from employment as a result of that evaluation. While plaintiff did allege that the evaluation was based on the opinion of one supervisor, he further alleges that he would not have received a failing mark if the evaluation had been properly weighted by consultation with other supervisors. Plaintiff has failed to allege any regulation or procedure of the department requiring that evaluations shall be so weighted, nor is there any allegation that the allegedly prejudiced supervisor either recommended plaintiff's release or prepared his evaluation upon which the discharge was based, contrary to the prescribed procedure. The principal purpose of the evaluation procedure is not to protect the rights of probationary employees, as plaintiff contends, but rather, to aid the department head in making a determination to either discharge or retain such employee. We conclude that the second amended complaint fails to state a cause of action against defendant for failing to follow the rules and regulations for the evaluation of plaintiff as a probationary employee.

## IV.

■■ Plaintiff next contends that defendant is estopped to deny plaintiff's right to pursue the department grievance procedure and that, since the grievance was accepted, the defendant is bound to base his final action on the findings and recommendation of the grievance hearing panel. Plaintiff's second amended complaint incorporates therein and sets forth Cook County Department of Public Aid Bulletin 68.21, entitled "Steps in Formal Grievance Procedure," which provides in relevant part:

"Step 5. a. If the grievance is not resolved to the employee's satisfaction, such employee may, within 5 working days after the Grievance Hearing Panel has rendered its decision, request, in writing, that the Department Director review the decision.

The Director will review the decision and approve, disapprove, or modify the findings of the Grievance Hearing Panel.

b. * * * If the Panel's recommendation concurs with the action already taken, this fact will be noted by the Director. If the Panel's decision does not concur with the action already taken, the Panel's written report shall indicate the new facts and what it deems to be appropriate action. The Director shall decide whether he wishes to modify the original decision or to let the decision stand as previously determined."

Plaintiff alleges in his complaint that he filed a grievance over the failing evaluation which was accepted and a hearing was held; that the hearing panel ruled that the evaluation upon which plaintiff had been discharged was in error, null and void, and recommended his reinstatement; that defendant arbitrarily refused to follow the recommendation, failed and refused to read the record and to examine the evidence prior to his decision to ignore the recommendation; and that defendant permitted himself to be counseled secretly by an employee prejudiced against plaintiff, and based his decision on the secret appeal and evidence *dehors* the record. The above mentioned Bulletin 68.21 expressly states that the discharge of probationary or temporary employees is not subject to the grievance procedure. Nonetheless, a grievance proceeding was granted and held. However, in order for the defendant to be required to review the decision and approve, disapprove or modify the findings of the grievance hearing panel, it was necessary for plaintiff to "request, in writing, that the Department Director review the decision" as provided in step 5(a) of the bulletin. We find no allegation that such a written request had been made from which the defendant would have been required to take the further actions prescribed in the bulletin. We therefore conclude that the complaint is insufficient to sustain a cause of action based upon defendant's alleged failure to follow the formal grievance procedure in effecting plaintiff's discharge.

### V.

■■ In Count III of the second amended complaint, plaintiff alleges, by incorporating the allegations of Count I, *inter alia*, that his supervisor was prejudiced against him because of his race and/or national origin and consistently treated him differently; that his evaluation was graded lower than deserved because of his supervisor's prejudice against him; that he was dismissed apparently on the basis of the evaluation; and that plaintiff was given a case load twice the size of those given English-speaking employees. Plaintiff further alleges that the actions of defendant and his agents were in violation of 42 U.S.C. § 1983.

As noted before, defendant in his brief has admitted that plaintiff received an unsatisfactory evaluation on his job performance and was discharged as a result of such evaluation. Upon a review, we conclude that the allegations of Count III are sufficient to state a cause of action predicated on an alleged violation of 42 U.S.C. § 1983.

## VI.

For the reasons stated, the judgment of the trial court dismissing Counts I, II and III of plaintiff's second amended complaint is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA, P. J., and DEMPSEY, J., concur.