MARIO VADALA, Plaintiff-Appellant, *v.* THE CIVIL SERVICE BOARD OF THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 76-555

Opinion filed July 26, 1977.

Lewis W. Kreydick, of Barrington, for appellant.

Allen S. Lavin, of Chicago (Ina S. Winston, of counsel), for appellees.

Mr. PRESIDING JUSTICE DOWNING delivered the opinion of the court:

The question presented by this appeal is whether plaintiff, Mario Vadala, a probationary employee of the Metropolitan Sanitary District of Greater Chicago, was entitled to a hearing before the district's Civil Service Board (Board) to contest his discharge. Plaintiff appeals from an order of the circuit court striking portions of his complaint for administrative review.[1]

On September 21, 1970, plaintiff received a probationary appointment to the position of Supervising Sanitary Engineer V for the Metropolitan Sanitary District of Greater Chicago.[2] On July 2, 1971, plaintiff was discharged. That same day he petitioned the Board for a hearing on his dismissal.

Plaintiff alleged that his discharge was illegal because the appointing officer had not complied with certain rules of the district. He alleged that his petition was considered by the Board at a series of meetings beginning on July 21, 1971; and that at several of those meetings, the Board indicated it would grant his request for a hearing. In reliance thereon, he commenced the preparation of his case. Then, on February 21, 1975, the

---

[1] The order appealed from was entered on January 23, 1976. In a previous order, entered on September 24, 1975, the trial court struck, with prejudice, certain other paragraphs of the complaint because plaintiff had not timely filed an administrative review action. Plaintiff did not appeal from the latter order.

[2] The record before this court presents a conflict in certain dates. The dates being used are those referred to in defendants' motion to strike filed in the circuit court on November 25, 1975, and plaintiff's answer to said motion filed January 16, 1976.

Board dismissed the petition on grounds that under Rule 8.062[3] the Board had no jurisdiction to conduct a hearing on the petition. Plaintiff's complaint alleged that Rule 8.062 was amended on November 16, 1968, while plaintiff was serving a prior probationary appointment which, according to plaintiff, was improperly terminated in 1969; however, the 1969 termination is not the basis for the present appeal.

Plaintiff alleged before the trial court that section 4.11 of the statute (Ill. Rev. Stat. 1975, ch. 42, par. 323.11) does not preclude the Board from granting a hearing to a probationary employee, and that it requires that the Board be notified of any discharge. Plaintiff requested the circuit court to review the order of the Board dated March 21, 1975[4], that the Board be required to amend Rule 8.062 to conform with Ill. Rev. Stat. 1975, ch. 42, and for such further relief as the court deemed necessary. In effect, the plaintiff's argument was that section 4.11 did not prohibit a court from examining the probationary status of an employee; and that the portion of section 4.11 which requires that the Board be notified in writing of a discharge gives the Board express authority to examine at a hearing each and every event concerning a probationary employee's discharge. The trial court granted defendants' motion and dismissed the cause with prejudice.

## I.

Plaintiff contends that when compared with the language used in other statutes, section 4.11 evidences a legislative intent to provide the right to a hearing to a civil service employee discharged prior to completion of his probationary period. Section 4.11 provides, in relevant part:

> 'Appointments shall be on probation for a period to be fixed by the rules, not exceeding one year. At any time during the period of probation, the appointing officer with the approval of the Director may discharge a person so certified *and shall forthwith notify the civil service board in writing of this discharge.*" (Emphasis added.)

---

[3] Rule 8.062, as amended, provides:

"8.062—*Discharge of Probationary Employee:* The Appointing Authority, with the approval of the Director of Personnel, may discharge the probationary employee any time during the probationary period for any of the following reasons, and the determination of the Appointing Authority and the Personnel Director shall be final and no appeal shall be allowed therefrom:
> a) It is conclusively determined that the employee cannot or will not adequately or satisfactorily perform the duties of the position if given permanent appointment.
> b) The Appointing Authority and Director of Personnel have determined that the employee is guilty of any conduct which would give cause for the discharge of an employee holding permanent appointment as set out under Rule 11, Section 4, of these Rules."

[4] Although the complaint refers to the date as March 21, 1975, we assume it refers to the order of February 21, 1975.

For the purpose of comparison, plaintiff offers the following language contained in section 10 of "An Act relating to the civil service in park systems" (Ill. Rev. Stat. 1975, ch. 24½, par. 88):

> "[A]ppointment[s] shall be on probation for a period of not more than six months to be fixed by said rules. At any time during the period of probation, the appointing officer may, *with the written approval of the civil service board,* discharge a person so certified and shall forthwith notify the board in writing of such discharge. * * *" (Emphasis added.)

Plaintiff suggests that the additional language contained in the last-quoted statute ("with the written approval of the civil service board") provides for a summary discharge of probationary employees, whereas the absence of such language in section 4.11 implies that a probationary employee has the right to a hearing. Further, plaintiff attempts to engraft the additional language of section 10 into section 4.11 when he states, "[i]n this case, Vadala was terminated *without the approval of the Civil Service Board* * * *." (Emphasis added.)

It is obvious that section 4.11 cannot be given the construction plaintiff seeks. Section 4.11 says nothing about a right to a hearing. Nor does the language from the other statute relied upon do what plaintiff contends.

■■ As defendants point out, a probationary employee may be discharged without a hearing. (*Dalton v. Darlington* (1908), 123 App. Div. 855, 108 N.Y.S. 626, 627-28; *Rose v. Civil Service Com.* (1st Dist. 1957), 14 Ill. App. 2d 337, 341, 144 N.E.2d 768; see also *People ex rel. Shelton v. City of Chicago* (1st Dist. 1973), 13 Ill. App. 3d 729, 731, 301 N.E.2d 162.) To hold that plaintiff is entitled to a hearing would negate the purpose of the probationary period. It would give probationers the practical equivalent of civil service tenure (*People ex rel. Heffernan v. Smykal* (1st Dist. 1957), 13 Ill. App. 2d 342, 353, 142 N.E.2d 133), something the statute clearly does not do. In *People ex rel. Shelton v. City of Chicago,* the court recognized that a probationary employee has a right not to be discharged except according to law. (See also *Alberty v. Daniel* (1st Dist. 1974), 25 Ill. App. 3d 291, 296, 323 N.E.2d 110.) This is not the same as saying that a probationary employee has a right not to be discharged except after an opportunity to be heard. Plaintiff thus has no right to a hearing on his discharge.

Plaintiff also contends that it is a denial of due process for a probationary employee to be denied a hearing on his discharge, citing *Powell v. Jones* (1973), 56 Ill. 2d 70, 305 N.E.2d 166, and *Kropel v. Conlisk* (1975), 60 Ill. 2d 17, 322 N.E.2d 793. Both cases are clearly distinguishable. This contention is without merit.

## II.

■■ Another facet of plaintiff's argument before this court, as we understand it, is that even if a probationary employee has no *right* to a hearing on his discharge, there is nothing in the governing statutes, particularly section 4.11, which would prohibit the Board from granting a hearing anyway. There is no merit to this contention. See *Fahey v. Cook County Police Department Merit Board* (1st Dist. 1974), 21 Ill. App. 3d 579, 582, 315 N.E.2d 573.

■■ Plaintiff relies on the language contained in section 4.11 which requires that following a probationary employee's discharge, the appointing officer "shall forthwith *notify* the civil service board in writing of [the] discharge." This language does not grant statutory authority to the Board to conduct a hearing following discharge of a probationary employee. It merely imposes a duty on the appointing officer to *notify* the Board. The only reference to a hearing in the statute is in section 4.14 (Ill. Rev. Stat. 1975, ch. 42, par. 323.14), which provides for "an opportunity to be heard" prior to discharge for employees "in the classified civil service." A probationary employee is not "in" the classified civil service until completion of the probationary period. (*Fish v. McGann* (1903), 205 Ill. 179, 183, 68 N.E. 761, 763; *People ex rel. Shelton v. City of Chicago* (1st Dist. 1973), 13 Ill. App. 3d 729, 732.) The fact that the General Assembly expressly provided for a hearing prior to discharge in section 4.14 indicates that the absence of such language in section 4.11 was by legislative design. Defendant Civil Service Board has no jurisdiction to grant a hearing to a discharged probationary employee.

The order of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and PERLIN, JJ., concur.