People of State of Illinois, ex rel. Robert A. Hoffman, Plaintiff-Appellee, v. George T. Donoghue, General Superintendent and Head of Department of Operations of Chicago Park District; James H. Gately et al., Members of and Constituting Civil Service Board of Chicago Park District; George A. Otlewis, Chief of Police of Chicago Park District; and Harold L. Baker, Comptroller of Chicago Park District, Defendants-Appellants.

Gen. No. 47,400.

First District, Third Division.
December 3, 1958.
Rehearing denied December 29, 1958.
Released for publication December 29, 1958.

Philip A. Lozowick, General Attorney, Chicago Park District (Harry R. Posner, Assistant General Attorney, Chicago Park District, of counsel) for defendants-appellants.

Michael F. Ryan, of Chicago (Richard F. McPartlin, Jr., of counsel) for plaintiff-appellee.

JUSTICE BURKE delivered the opinion of the court.

Robert A. Hoffman filed a complaint against certain officials of the Chicago Park District and individuals constituting the Civil Service Board of that District,

seeking a writ of mandamus commanding them to expunge from the records the alleged illegal discharge or demotion order of December 28, 1956, and to restore and reinstate the plaintiff to duty in his position as Lieutenant of Police in the classified service of the District. The appointing officer of the District, with the written approval of the Civil Service Board, had discharged plaintiff from the grade of Lieutenant of Police in the classified service of the District, effective at the close of work on Friday, December 28, 1956. The defendants filed a motion to dismiss the complaint asserting that on its face it shows that the plaintiff was appointed a Lieutenant on September 1, 1956, and that in accordance with Section 10 of the Act regulating Civil Service in Park Systems [Ill. Rev. Stats. 1957, ch. 24½, § 88] and Rule III, Division 7 of the Rules of the Civil Service Board of the District, the appointment was on probation for a period of six months of actual employment, and that the appointee could be discharged from such appointment during that period by following the provisions of the statute and rules, which was done. The motion was overruled. Thereupon defendants filed an answer reasserting the points covered by the motion and adding the detailed matters on which the request to discharge plaintiff from his alleged probationary appointment as a Lieutenant was made and acted upon. The plaintiff moved for judgment on the pleadings and as grounds set forth that it appears from the admissions therein that on December 28, 1956, plaintiff was demoted from the rank of Lieutenant of Police to that of Sergeant of Police in the classified service of the Park District, and that he was removed from his position as Lieutenant of Police, as an alleged probationary appointee in that position, without the filing of charges and without giving him an opportunity to be heard in his own defense as required by statute. The motion for

judgment on the pleadings was allowed. The defendants appealed.

On May 7, 1936, plaintiff was certified and appointed to the position of Patrolman in the classified service of the District, having successfully passed the necessary examination therefor. On July 7, 1943, after passing the necessary examination he was promoted to the position of Sergeant of Police. After passing the necessary civil service promotional examination he was appointed to the position of Lieutenant of Police on September 1, 1956. Mr. George T. Donoghue, the General Superintendent and Head of the Department of Operations, and the appointing officer of plaintiff, by a letter dated December 28, 1956, addressed to the Secretary of the Civil Service Board, requested authority for the reasons indicated in a list of statements, copies of which were attached thereto, to discharge plaintiff from the grade of Lieutenant of Police in the classified service, to which grade the letter stated plaintiff was appointed on September 1, 1956, and who, the letter stated, in accordance with the rules of the Civil Service Board and the statute, would be on probation in such grade until March 1, 1957. The request of Donoghue was referred to the superintendent of employment for investigation and report. He reported to the Civil Service Board that the plaintiff does not possess the proper character, integrity and judgment to retain the office of Lieutenant of Police and recommended his discharge from the grade of Lieutenant of Police. Mr. Donoghue's request for authority to discharge plaintiff from the grade of Lieutenant of Police in the classified service of the District while on probation was approved by the Civil Service Board at a meeting held on December 28, 1956, and he was advised accordingly and directed to take the necessary steps to effect the discharge of plaintiff on probation and plaintiff was accordingly discharged.

On November 30, 1956, plaintiff was suspended pending investigation of charges to be preferred. On December 12, 1956, a hearing was held on these charges. On December 28, 1956 he was notified by Donoghue that he had been found guilty of certain charges, not guilty as to others, and that the Civil Service Board had ordered his suspension for ninety days, "at the expiration of which period of suspension you will report to Chief George A. Otlewis for assignment and return to duty." On the same day he received the notification from Donoghue of his discharge while on probation from the grade of Lieutenant of Police. On January 30, 1957, plaintiff filed his complaint in the Circuit Court under the Administrative Review Act to review the decision of the Civil Service Board ordering his suspension for ninety days. This proceeding is pending in the Circuit Court. While the incidents and occurrences which formed the basis for the charges filed against the plaintiff in the case wherein he was suspended for ninety days, in general arose out of the same incidents and occurrences which were considered in his discharge from his probationary appointment of Lieutenant of Police, the evidence heard on the hearing of the charges on which he was suspended was not the same evidence, nor was it as complete as that considered in connection with the discharge of the plaintiff from his probationary appointment as Lieutenant of Police, nor were all the witnesses whose statements were considered in the discharge from his appointment as a Lieutenant, heard on the hearing in connection with the other charges. We conclude that the charges filed and the proceedings thereon was an action separate and distinct from the action wherein plaintiff was discharged as a Lieutenant.

██ Defendants maintain that plaintiff was properly discharged from his probationary appointment to the position of Lieutenant. Plaintiff urges that his so-

494

called probationary discharge was a demotion which the defendants had no authority to effect, and that having successfully completed his probationary period after his appointment as a Patrolman he cannot be compelled to serve additional probationary periods in his promotional position. We are concerned only with the question of whether plaintiff's appointment to the position of Lieutenant of Police was on probation. He raises no question as to the propriety of the proceedings leading to his discharge from his position as a Lieutenant or to the validity of the reasons therefor. He concedes that the legislature could, if it wished, provide for probationary periods in promotional appointments. The fact that plaintiff was discharged from his probationary position as Lieutenant one day after the hearing, finding and decision on the charges preferred against him, and the fact that the steps required by the law and the rules governing Park Civil Service necessary to effect a discharge on probation were all taken on that day, is immaterial. Civil Service in parks is governed by the provisions of an Act entitled "An Act relating to Civil Service in park systems, approved June 10, 1911," (Ch. 24½, Secs. 78 to 113.1, Ill. Rev. Stat. 1957). Section 3 of the Act directs the superintendent of employment, with the consent and approval of the Civil Service Board, to classify all offices and places of employment in the park district with reference to the duties thereof for the purpose of establishing grades and of fixing and maintaining standards of examinations, and provides that "the offices and places so classified shall constitute the classified civil service of such park districts, and no appointments, transfers, reductions in grade or removal therefrom shall be made except under and according to the provisions of this Act and of the rules hereinafter mentioned." Section 4 of the Act [Ill. Rev. Stats. 1957, ch. 24½, § 82] directs the Civil Service

495

Board to make rules to carry out the purposes of the Act, and for examinations, appointments, transfers and removals.

The first paragraph of Section 10 of the Act reads:

"Appointments—Discharge during Probation Period. Whenever a position classified under this Act is to be filled, the appointing officer shall make requisition upon said board, and the board shall certify to him the name and address of the candidate standing highest upon the register of eligibles for said position. The appointing officer shall notify the board of each position to be filled separately and shall fill such position by the appointment of the person certified to him by said board therefor, which appointment shall be on probation for a period of not more than six months to be fixed by said rules. At any time during the period of probation, the appointing officer may, with the written approval of the civil service board, discharge a person so certified and shall forthwith notify the board in writing of such discharge. If such person is not thus discharged, his appointment shall be deemed complete."

The above section does not distinguish between original appointments to the classified service and promotional appointments within the service. The Act by its terms applies to all cases when an appointment is made to "a position classified under this Act" and thus includes promotional positions. The section directs that in filling a position classified under the Act, the person highest on the eligibility list be certified and appointed, which appointment "shall be on probation for a period of not more than six months to be fixed by rules." During such promotionary period the person so certified can be discharged by the appointing officer, with the approval of the board. Rule III of the

496

Rules of the Civil Service Board of the District, Division 7, Sections 1 and 2, reads:

"Probation. A person certified from an eligible list and appointed to a position in the grade shall be on probation for a period of six months of actual employment.

Section 1. The appointing officer, with the written approval of the Board, may discharge a person at any time during the period of probation. In all such cases, the appointing officer shall submit to the Secretary of the Civil Service Board a written request for authority to discharge said person during probation, setting forth the reasons therefor. The Secretary shall thereupon submit such request to the Superintendent of Employment for investigation and report. The request for authority to discharge said person during the period of probation, together with the report of the Superintendent of Employment, shall be submitted to the Board for consideration and action. If the Board approves such discharge, the Secretary of the Board shall forthwith notify the appointing officer of such action and the appointing officer shall thereupon discharge said person during the period of probation, and immediately notify the Board in writing of such discharge.

Section 2. An appointment shall be deemed complete when a person who has been certified from an eligible list and appointed has completed the required probationary period and has not been discharged within said probationary period."

 This rule is consistent with Section 10 of the Act governing Civil Service in Park Systems. The rule makes no distinction between an original appointment to the classified service and the appointment to a position in the grade as the result of a promotional examination. The rule fixes the period of probation

as six months of actual employment and provides for discharge during the period of probation by the appointing officer upon securing the approval of the board. The decisions hold that the object of having a period of probation is to determine whether the conduct and capacity of the person appointed are satisfactory notwithstanding the fact that he has passed the required examination and his appointment has been certified by the commission to the appointing officer. Fish v. McGann, 205 Ill. 179, 186; People ex rel. Ballinger v. O'Connor, 13 Ill.App.2d 317, 323. The record discloses that each of the steps required to be followed by the statute and the rule to effect a discharge of a probationary appointee during his probation period was followed.

The plaintiff says that he has been removed from his position as Lieutenant of Police and relegated to the position of Sergeant of Police or to the reinstatement list therefor and that the fallacy in the defendants' argument springs from their failure to keep in mind the distinction between the words (a) "Appointment"; (b) "Promotion"; (c) "Discharge"; and (d) "Demotion." Plaintiff insists that regardless of the terminology used by the defendants the fact remains that he was not discharged but was demoted from the grade of Lieutenant to the grade of Sergeant, and calls attention to the fact that in 1939 Section 12 of the Park Civil Service Act was amended to authorize demotions, and that in 1945 this section was again amended by eliminating the part authorizing "demotions." Plaintiff also calls attention to the Park District Pension Act which he says must be considered as *in pari materia* when it defines "discharge" as meaning "complete separation from the service of all park or retirement boards as defined in this Act." Plaintiff concludes that the legislature has clearly drawn the proper distinction between a "discharge" and a "demotion" and that "discharge" must mean a separation from the service

498

and cannot mean a separation from a higher to a lower position. Both parties call attention to the case of People ex rel. Hurley v. Graber, 405 Ill. 331. Plaintiff urges that since the Park Civil Service Board has no power of demotion, even for cause and after a hearing, it follows that even if a promoted employee must serve another probationary period, his discharge during probation must result in complete severance from the service. The parties are in agreement that the purpose of Civil Service is to increase the efficiency of the public service and that one of the methods of achieving this is by giving the public employee security and tenure in his employment. People v. Niewinski, 13 Ill.App.2d 307, 314. Plaintiff states further that if a person passes his initial probation period, he is in the classified service, and the fact that he subsequently is promoted does not put him out of the service.

■ We are satisfied that the Park District Act does not limit the word "appointment" to original entrance. It should be borne in mind that Civil Service is made up of seniority or re-employment lists consisting of the names of those who have permanent civil service status in a particular position, and eligibility lists consisting of the names of individuals who by virtue of civil service examinations, have a right to appointment to a particular position but as yet have no civil service status in that particular position. It is from these lists that the names are certified to the appointing officer and from which the appointing officer makes his appointments. Plaintiff occupied a position on the eligibility list for the position of Lieutenant of Police when he was certified. His appointment was made pursuant to Section 10 of the Civil Service Act and Rule III, and by virtue of their provisions the appointment was on probation for a period of six months. The Park District Police Pension Act mentioned by the plaintiff is on a different subject and cannot be considered to be *"in pari materia."* The

499

amendments referred to by plaintiff made by the 1939 and 1945 Acts regarding "demotions" have no application to discharge from a probationary position during the probationary period. Prior to the 1945 amendment, a Civil Service Board, as a result of a hearing, could for cause demote an individual from a position in which he had successfully completed his probationary period and a position in which he had civil service status. After the amendment the Board is confined to discharge from the service or suspension for the period authorized. Bearing in mind the distinction between eligibility lists and seniority or re-employment lists, plaintiff had no permanent civil service status in the grade of Lieutenant of Police. Section 10 states that "if such person is not thus discharged his appointment shall be deemed complete." We construe the Graber case as holding that under the Act governing Civil Service in the City of Chicago and the rule adopted pursuant thereto that where promotional appointments are involved, there is no period of probation because the rule adopted pursuant to the statute prescribed a probation period of six months "for an original appointment." The Park Act, to the contrary, provides for a probation period of "not more than six months to be fixed by said rule." The rules as we have seen provide that the "period of probation shall be for a period of six months of actual employment." With respect to plaintiff's charge of the inconsistency of defendants in that an original appointee who is discharged during probation is removed from the service, but that a promoted employee who is discharged during probation, is simply removed from the higher position and relegated to his former status, we agree with the defendants that no inconsistency exists because in the one case the employee has no civil service status or position on any seniority or re-employment list, and by discharging an original appointee from his original position he has no rights to re-employment anywhere

in the service. A promoted employee, however, discharged from his promotional position, does have seniority rights and rights to re-employment in the other position. The plaintiff was discharged before he acquired civil service status in his position of Lieutenant of Police. When he was discharged he did not have a permanent status as a Lieutenant. Therefore, he was not demoted from a civil service status of the position of Lieutenant.

Under the park civil service law the lines of advancement, the methods of examination and the method of certification for promotional appointment are covered by Section 9, and all appointments, both original and promotional, are covered by Section 10. In our opinion the legislature intended a probationary period for promotional appointments as well as original appointments. The City Act and its supporting rules differ from the Park Act as to what appointments are on probation. The City Act provides that an appointment shall be on probation for a period to be fixed by rules, whereas the Park Act provides that "appointments shall be on probation for a period of not more than six months to be fixed by rules." The rules of the Civil Service Commission of the City of Chicago provide that only the original appointment shall be on probation for a period of six months. The rules of the Park District provide that a person certified from an eligible list and appointed to a position in the grade shall be on probation for a period of six months of actual employment.

For these reasons the judgment is reversed and the cause is remanded with directions to enter a judgment for the defendants and against the plaintiff.

Judgment reversed and cause remanded with directions.

FRIEND, P. J. and BRYANT, J., concur.