**CONTINENTAL OIL CO.,**
**Plaintiff-Appellant,**

v.

**STATE OF OKLAHOMA ex rel. the OKLAHOMA EMPLOYMENT SECURITY COMMISSION and David Boren, Governor, Defendants-Appellees.**

No. 76–1649.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 14, 1977.

Decided April 5, 1978.

Allen Butler, Dallas, Tex. (William L. Keller, Clark, West, Keller, Sanders & Butler, Dallas, Tex., Guy Clark, Clark & Hron, Ponca City, Okl., Coleman H. Hayes, Monnet, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., and Thomas D. Montgomery, Houston, Tex., on the brief), for plaintiff-appellant.

Victor Law Ellis, Tulsa, Okl. (Milton R. Elliott, Chief Atty. for Oklahoma Employment Security Commission and James H. Gray, Asst. Atty. Gen., Oklahoma City, Okl., on the brief), for defendants-appellees.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The existing collective bargaining agreement between Continental Oil Company and the Oil, Chemical & Atomic Workers International Union, AFL–CIO, Local 5–87 expired on March 1, 1975, without a new agreement having been entered into by the parties. It is this event which triggers the present controversy. Shortly after March 1, 1975, employees represented by the Union either struck, or were locked out, and did not thereafter return to work for 106 days. During the period of time when they were not working, the employees, or certain of them, filed claims with the Oklahoma Employment Security Commission for benefits payable under the Oklahoma Employment Security Act. After four separate hearings, the Appeals Tribunal of the Security Commission ruled that 834 claimants were entitled to compensation benefits in accordance with the Security Act because they had been "locked out" by Continental. Payments aggregating several hundred thousand dollars were thereupon made to the 834 claimants. Continental appealed this ruling to the Board of Review of the Security Commission, and this appeal was pending when the present action was commenced.

Thereafter, on March 29, 1976, although no final determination had been made by the Board of Review of the Security Commission as to the claimants' entitlement to unemployment compensation benefits, the Security Commission sent Continental a notice that its contribution rate to the fund, which was based on a percentage of current total wages paid to employees, would be increased from 1.2% to 2.7%. This increase was attributable to the amounts paid in benefits to Continental employees whom the Appeals Tribunal found had been "locked out." Continental appealed this assessment to the state court in Kay County, Oklahoma. That appeal was also pending when the present action was initiated by Continental.

The present action was commenced by Continental Oil Company on April 26, 1976, in the United States District Court for the Western District of Oklahoma. The defendants were the State of Oklahoma, ex rel. the Oklahoma Employment Security Commission, and the Honorable David Boren, Governor of Oklahoma. In its complaint, Continental asked for a declaratory judgment that Okl.Stat., tit. 40, § 215(e)(3) (Supp.1974), conferring unemployment benefits to "locked out" employees, is in irreconcilable conflict with federally protected bargaining rights guaranteed by the National Labor Relations (Wagner) Act, as amended by the Labor Management Relations (Taft-Hartley) Act, 1947, 29 U.S.C. § 141, et seq., and that consequently the statute in question was void under the doctrine of federal pre-emption and the Supremacy Clause of Article VI of the Constitution of the United States. Continental also sought to enjoin the Security Commission from assessing and collecting additional unemployment compensation contributions to reimburse the state for benefits paid to Continental's employees allegedly "locked out" during the course of contract negotiations in 1975.

On April 27, 1976, Continental filed a "Reservation of Federal Claims" with the state court reserving its federal claims for determination by a federal court in accordance with the guidelines of *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

On April 29, 1976, the trial court dismissed the complaint with prejudice to the right of Continental to refile the same or a similar complaint in the federal court, though the dismissal was without prejudice to the right of Continental to pursue any and all of its remedies in state proceedings. The basis for the trial court's dismissal was two-fold: (1) that 28 U.S.C. § 1341 limiting federal injunctive relief with respect to state taxing statutes barred the trial court from entertaining Continental's application for injunctive relief from the increased assessment; and (2) that the judicially developed "abstention doctrine" made consideration of Continental's federal claims inappropriate in view of the appeals pending in the Oklahoma tribunals.

On May 10, 1976, Continental filed a motion to alter or amend the judgment of dismissal previously entered on April 29, 1976. In this motion, Continental pointed out that the portion of its complaint seeking a declaratory judgment was not barred by 28 U.S.C. § 1341 and that the trial court's dismissal with prejudice of Continental's claim for declaratory judgment should be vacated and the matter either: (1) should remain on the court's docket pending a consideration of its merits, or (2) that the trial court should abstain from any consideration of Continental's federal claims as alleged in the complaint until the Oklahoma state courts have had an opportunity to pass on matters then pending in those courts. This motion was denied by minute order and a notice of appeal from both the trial court's order of dismissal on April 29, 1976, and the trial court's denial of the motion to alter or amend entered on May 27, 1976, was thereafter filed.

On appeal, Continental does not challenge the trial court's dismissal of its claim for injunctive relief. 28 U.S.C. § 1341 provides that federal district courts shall not enjoin the assessment, levy or collection of any tax under state law where the state itself provides a plain, speedy and efficient remedy. By its claim for an injunctive relief, Continental sought to enjoin the Security Commission from increasing and collecting the so-called "contribution rate" which employ-ers were required to pay into the state unemployment fund. As indicated, the trial court was of the view that 28 U.S.C. § 1341 barred Continental's claim for injunctive relief, and dismissed that particular claim on that ground. Continental is not seeking a reversal of that part of the trial court's judgment, and, accordingly, such is affirmed.

However, Continental does challenge in this Court the trial court's judgment insofar as such dismissed, with prejudice, Continental's claim for a declaratory judgment. As above mentioned, Continental sought, in addition to injunctive relief, a judgment declaring that Okla.Stat., tit. 40, § 215(e)(3) (Supp.1974), conferring unemployment benefits to "locked out" employees, is in irreconcilable conflict with federally protected bargaining rights guaranteed by the National Labor Relations (Wagner) Act, as amended by the Labor Management Relations (Taft-Hartley) Act, 1947, 29 U.S.C. § 141, *et seq.*, and that such statute is therefore void under both the doctrines of federal pre-emption and the Supremacy Clause of Article VI of the Constitution of the United States. That particular claim, according to Continental, does not involve an effort to enjoin the assessment or collection of a state tax, and hence, 28 U.S.C. § 1341 is said to have no application. We, too, fail to see the applicability of 28 U.S.C. § 1341 to Continental's claim for declaratory judgment, and opposing counsel does not argue that the dismissal of Continental's claim for declaratory judgment can be sustained on the basis of 28 U.S.C. § 1341. Accordingly, we must determine whether the trial court's dismissal with prejudice of Continental's claim for declaratory judgment can be sustained on the basis of abstention, which was the only other ground given by the trial court for its judgment.

■ On the abstention issue, Continental argues that assuming, *arguendo*, that abstention was proper, the trial court erred in dismissing the claim, with prejudice, and that the proper course of action under such circumstance was to hold the federal action

in abeyance pending determination of the state law questions by state tribunals. We agree. Such is certainly the preferred course of action. See *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 88 n.14, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975), and *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). We find nothing in the record before us which would warrant the severe action taken by the trial court in dismissing with prejudice Continental's claim for declaratory judgment. Indeed, opposing counsel does not contend that the doctrine of abstention, assuming its applicability, would justify a dismissal with prejudice.

 Continental also argues that the trial court in the first instance improperly invoked the doctrine of abstention. From the record before us, it is difficult to tell whether the trial court in so doing acted properly, or not. However, whether the trial court properly abstained on April 29, 1976, is now academic. Nearly two years have elapsed and circumstances have no doubt changed. In any event, on remand, there should be a re-examination into the present state of affairs and a new determination made as to whether the doctrine of abstention has any *present* application. See *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).

Both Continental and the Security Commission argue the merits of Continental's claim that the statute in question is unconstitutional. Indeed, that is all the Commission argues. As indicated, the Commission does not attempt to justify the trial court's reliance on the abstention doctrine, nor its dismissal with prejudice of Continental's claim. All it argues here is that the statute itself is valid. That question was not ruled on by the trial court, and it is a matter which in the first instance should be considered by the trial court.

As to the merits of Continental's claim of unconstitutionality, we note that the Supreme Court recently granted certiorari in *New York Telephone Company v. New York State Department of Labor*, 566 F.2d 388 (2d Cir. 1977), *cert. granted* (77–961, March 27, 1978). In that case the United States Court of Appeals for the Second Circuit upheld a New York statute which provided for unemployment benefits to striking employees.

The judgment insofar as it dismissed, with prejudice, Continental's claim for injunctive relief is affirmed. The judgment insofar as it dismissed, with prejudice, Continental's claim for declaratory judgment is reversed, and, in this regard only, that matter is remanded with direction that the trial court reinstate Continental's claim for declaratory judgment, with further proceedings in connection therewith to be consonant with the views herein expressed.