ANTAL BOHACS, Plaintiff-Appellant, *v.* MICHAEL REID *et al.*, Defendants-Appellees.

Second District    No. 77-295

Opinion filed August 21, 1978.

William R. Stanczak, of Waukegan, and Wayne B. Giampietro, of Lightber, DeJong, Poltrock & Giampietro, of Chicago, for appellant.

Ellis E. Fuqua and Douglas W. Stile, both of Fuqua, Winter & Associates, of Waukegan, for appellees.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

The plaintiff appeals from the order of the circuit court of Lake County dismissing his action against a police officer and the Village of Round Lake Beach based on a violation of the plaintiff's constitutional rights and various tort claims.

The complaint alleges that the plaintiff was driving his automobile toward his home at 1:30 a.m., having just picked up his wife at the railroad station, when he met an oncoming car with its high beam lights on. The plaintiff flashed his lights as a signal to the other driver to dim his lights, which the other driver "ultimately" did. As the other car passed, the

plaintiff noticed it was a marked police car driven by the defendant, Officer Michael Reid. The plaintiff alleges that as he stopped his car in front of his house the defendant officer approached him and demanded that the plaintiff produce his driver's license "but failed and refused to give any reason for said demand when asked by the Plaintiff the reason for such demand." The complaint goes on to allege that Officer Reid, "at said time and place * * * opened the door to Plaintiff's automobile, and grabbed Plaintiff around the neck, attempting to drag him out of his automobile, refusing to inform Plaintiff of any reason for such actions; REID then proceeded to strike Plaintiff about the head and shoulders, with his hands and night stick, and twisted Plaintiff's arms around his back. * * * Subsequently, Defendant REID caused Plaintiff to be transported to the police station, where he was incarcerated for approximately one hour, although he had no reason or cause to do so."

The plaintiff claims that as a direct and proximate result of the actions of the defendant, Reid, the plaintiff "was greatly injured, was required to obtain medical care, and has suffered pain and suffering."

Count I of the complaint attempts to state a cause of action for false imprisonment. Count II reiterates most of the allegations of count I, but adds a paragraph to the effect that the defendant committed a battery on plaintiff and was acting in a willful and wanton manner. Count III alleges a violation of plaintiff's constitutional rights and also of plaintiff's civil rights under section 1983 of title 28 of the United States Code (actually title 42).[1] Count IV reiterates most of the facts previously pleaded and merely cites that provision of the Illinois Constitution (article I, section 12) which provides that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, * * *."

In their motion to dismiss the complaint the defendants allege that the plaintiff's complaint fails to state a cause of action, that it cannot be determined from the complaint whether it sounds in negligence or assault and battery and that if it is based on negligence it is precluded by section 2—202 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1975, ch. 85, par. 2—202), which provides:

"A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence."

On the other hand, the motion to strike says that if the theory of recovery is one based on other than negligence, it must fail by reason of section 1—4—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24,

---

[1] See 15 Am. Jur. 2d *Civil Rights* §263 n. 59 (1976): "A federal court has jurisdiction under 28 USCS §1343 where the complaint attempts to state a claim under 42 USCS §1983, whether or not the plaintiff succeeds in stating such a claim." Title 42 is, therefore, the substantive law. Title 28 contains the procedural aspect.

par. 1—4—6). The gist of that section is that the municipality will indemnify public employees for damages from suits brought against them by persons claiming injury as a result of the actions or conduct of the public employee, unless such action was the result of willful misconduct.

Other paragraphs of the motion to strike are based on the failure of the plaintiff to allege his own freedom from willful and wanton misconduct, and that the allegations in the complaint do not state facts, but only conclusions of law.

■■ It is our opinion that while the complaint lacks preciseness and does not specify any particular basis for recovery, such as assault and battery, or negligence, the allegations, if true, are such as to entitle the plaintiff to some redress. Certain allegations of the complaint are sufficiently factual, we think, to be taken as true—that is, as admitted by the motion to strike. Paragraph 6 of count II specifically alleges that Officer Reid "grabbed Plaintiff around the neck, attempting to drag him out of his automobile, refusing to inform Plaintiff of any reason for such actions; REID then proceeded to strike Plaintiff about the head and shoulders, with his hands and night stick, and twisted Plaintiff's arms around his back." This language described a battery by the officer and while the officer may have an explanation for his conduct, he admits such conduct by his motion to strike. This behavior by a police officer cannot be dismissed out-of-hand as being merely in the line of duty or not answerable by reason of the immunity section of the Illinois Municipal Code.

■■ Some extraneous or irrelevant issues have been introduced in the briefs. The defendants contend the complaint is defective in alleging willful and wanton misconduct on the part of the defendant officer, without alleging freedom from willful and wanton misconduct by the plaintiff. The plaintiff does not specifically charge negligence—he charges a violation of his constitutional rights, an intentional act. Conduct may be willful and wanton without deriving from negligence. If the conduct of the officer was intentional, there is no necessary corollary of freedom from contributory willful and wanton misconduct by the plaintiff. We therefore disregard this argument of the defendants.

■■ It is true, as contended by the defendants, that certain allegations of the complaint, such as that there was no reason to incarcerate the plaintiff and that the defendant officer, Reid, knew the plaintiff had committed no crime whatsoever and that certain actions of the defendant officer constituted deprivation by the defendant of plaintiff's "liberty and property without due process of law," are mere conclusions of law and therefore not admitted by the motion to strike. These allegations are therefore subject to dismissal without further implications for the defendants.

■■ We also find count IV of the complaint to be defective in that it is

based on the phrase in article I, section 12 of the Illinois Constitution that "[e]very person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person," but we do not regard this as a sufficient averment in a complaint. If the facts alleged in count I of the complaint are taken as admitted, there is certainly a remedy in the law, other than the general language of this constitutional phrase, and no issue is raised by this allegation. We think count IV is subject to dismissal for failure to state a cause of action.

■■ While we will not speculate what a trial on the merits may bring forth by way of answer to the allegations of the complaint, in view of the directive in section 4 of the Civil Practice Act, which provides that the Act "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties" (Ill. Rev. Stat. 1977, ch. 110, par. 4), and the supreme court's statement in *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 77, that the basic purpose of the Civil Practice Act is to remove barriers which prevent the trial of a case on its merits and to facilitate proceedings to accomplish this end, we believe count I alleges conduct sufficient to state a cause of action for false imprisonment which is not overcome by the motion to strike.

■■ Count II, alleging most of the same facts as count I, plus facts indicating a battery, and adding that the attack on the plaintiff was done in a willful and wanton manner, in our opinion, sufficiently states a cause of action for battery to survive the defendants' motion to strike.

■■ As to count III, we find it to be defective in that it invokes 42 U.S.C. §1983 of the United States Code, in a derivative action founded on the theory of *respondeat superior*, against a municipality. While the recent case of *Monell v. Department of Social Services* (1978), ___ U.S. ___, 56 L. Ed. 2d 611, 98 S. Ct. 2018, partially reversed the holding in *Monroe v. Pape* (1961), 365 U.S. 167, 5 L. Ed. 2d 492, 81 S. Ct. 473, that a municipality was not a "person" amenable to suit under section 1983, this recent case carefully preserved the immunity of the municipality where the action is founded on a theory of *respondeat superior*, rather than on the municipality's own policies or administrative acts.

In the case before us, count III is clearly based on the *respondeat superior* theory, and we believe it is outside the intention of section 1983, even under the *Monell* case.

■■ We are not persuaded, however, that State court action under 42 U.S.C. §1983 is likewise barred as against the individual officer, Michael Reid. The only Illinois case we find on the point is *Alberty v. Daniel* (1974), 25 Ill. App. 3d 291, 295, where the court considered the contention of the defendant that section 1343 of the United States Code (28 U.S.C. §1343 (1970)) limits claims under section 1983 to the Federal courts which have exclusive jurisdiction of such matters. In the course of a well-

considered opinion upholding the plaintiff's right to bring the action in State court, the appellate court said:

"* * * [A]lthough the historical background and the congressional records as recited by the court [referring to *Chamberlain v. Brown* (Tenn. 1969), 442 S.W.2d 248, 252] pertinent to this legislation indicate that the statute creating the action was directed to the Federal trial forum, there is no evidence that the action was limited to the exclusive jurisdiction of the Federal courts. The provisions of 28 U.S.C. §1343 confer upon injured parties the right to maintain an action based on section 1983 in the Federal courts without the necessity of satisfying jurisdictional requirements of the diversity of citizenship and amount in controversy. The practical considerations as to pursuing relief in the federal or state courts are left to the individual litigants. We conclude that the courts of the State of Illinois have concurrent jurisdiction with the Federal courts to hear claims founded upon alleged violations of 42 U.S.C. §1983."

We agree with the First Appellate District Court and hold that in the case before us the section 1983 action of count III is not barred as to Officer Reid, individually, by the jurisdictional requirements of section 1343.

■■ The Village also invokes section 1—4—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 1—4—6) in support of its motion to dismiss, but we do not find that section relevant to the question of whether the plaintiff can maintain an action against Officer Reid—the fact that Officer Reid may be entitled to indemnity by the Village, in the event he is sued, is not a proper basis for a motion to strike the complaint.

The judgment of the circuit court of Lake County is therefore affirmed as to count IV and that part of count III invoking an action under 42 U.S.C. §1983 against the Village of Round Lake Beach; the circuit court's judgment is reversed as to counts I and II and that part of count III which charges Officer Reid individually, and the case is remanded to the circuit court of Lake County with instructions to reinstate counts I and II and the indicated portion of count III of the complaint.

Affirmed in part; reversed in part, and remanded with directions.

GUILD and WOODWARD, JJ., concur.