JACKIE P. GRIFFIS, a Minor, by Ethelee V. Adamovich, his Mother and Next Friend, Plaintiff-Appellant, *v.* BOARD OF EDUCATION, DISTRICT 122, OAK LAWN, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 78-201

Opinion filed June 4, 1979.

Lloyd E. Dyer, Jr., of Mountcastle & Da Rosa, of Wheaton, for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Lenard C. Swanson and Douglas L. Prochnow, of counsel), for appellee Board of Education, District 122, Oak Lawn.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Jackie Griffis, appeals from the order of the circuit court of Cook County dismissing with prejudice count II of his amended complaint. Count II alleged that the defendant Board of Education, District 122, Oak Lawn, Illinois (hereafter Board) operated and maintained its premises at 6450 West 95th Street, Oak Lawn, Illinois, known as the Simmons Junior High School, in a negligent condition which caused the plaintiff to suffer severe injuries to his person.

We reverse and remand.

On May 11, 1976, Jackie Griffis, a 13-year-old special education student, was enrolled in the educable mentally handicapped program at Simmons Junior High School. On that date, he was assigned by his teacher to perform certain housekeeping duties in the Simmons' teachers' lounge and a workroom adjacent to the lounge. While in the process of completing this task, a can of flammable copying fluid, stored in the workroom, ignited causing the plaintiff to receive second and third degree burns.

The plaintiff's original complaint, brought by his mother as guardian and next friend, sought damages from the Board on separate counts of negligence and wilful and wanton misconduct and against the manufacturer and distributor of the copying fluid for producing and distributing an unreasonably dangerous product. Upon the Board's motion, count I of the original complaint, alleging the Board's ordinary negligence, was dismissed. The plaintiff's amended complaint alleged three counts against the Board: (1) negligent supervision and instruction; (2) negligent operation and maintenance of its premises; and (3) wilful and wanton misconduct in the supervision of its students and in the operation and maintenance of its premises. Counts I and II, containing the ordinary negligence allegations against the Board, were dismissed on the defendant's motion. The plaintiff appeals solely from the dismissal of count II.

The defendant maintains that the trial court properly dismissed count II of the plaintiff's amended complaint because it failed to state a cause of action by failing to allege a duty on the part of the Board to the plaintiff. The plaintiff asserts that this issue was never raised in the trial court, and therefore may not be asserted on appeal. The record does not include a transcript of the proceedings at the hearing on the motion to dismiss.

■■ It is well accepted that the burden is on the party who brings a cause to a reviewing court to present a record which fairly and fully presents all matters necessary and material for a decision of the question raised. (*In re Shannon* (1977), 45 Ill. App. 3d 876, 360 N.E.2d 433; *Maborn v. Moyers* (1975), 26 Ill. App. 3d 231, 325 N.E.2d 47; *Interstate Printing Co. v. Callahan* (1974), 18 Ill. App. 3d 930, 310 N.E.2d 786.) A transcript of proceedings is not always necessary to resolve a matter, as the court in *Kuhlman v. Cotter* (1968), 92 Ill. App. 2d 475, 234 N.E.2d 815, recognized when it concluded that there was no requirement to produce a transcript of a proceeding as a part of the record on appeal unless review is requested of matters included therein. While the defendant's motion to dismiss does not state that the plaintiff failed to allege the Board's duty stating only that the complaint should be dismissed because it (1) failed to state a cause of action, (2) failed to state a claim upon which relief may be based, and (3) was insufficient in law because it only alleged ordinary negligence, the defendant could have raised this argument at the hearing on the motion to dismiss. Accordingly, the transcript was necessary for our determination of the issue. As the plaintiff has failed to afford a full and fair record on appeal, we are unable to ascertain whether the defendant did raise this argument in the trial court. Under this circumstance, the question may not be argued for the first time on appeal. (*Interstate Printing Co. v. Callahan* (1974), 18 Ill. App. 3d 930, 310 N.E.2d 786.) We, therefore, turn to a consideration of whether count II of the plaintiff's amended complaint stated a cause of action.

■■ ■ A motion to dismiss admits all well pleaded facts and the reasonable inferences therefrom, but does not admit conclusions of the pleader. (*Bohacs v. Reid* (1978), 63 Ill. App. 3d 477, 379 N.E.2d 1372; *Urfer v. Country Mutual Insurance Co.* (1978), 60 Ill. App. 3d 469, 376 N.E.2d 1073.) Moreover, a motion to dismiss for failure to state a cause of action should be affirmed on appeal only where no set of facts can be proven under the pleadings which will entitle the plaintiff to relief. (*Huebner v. Hunter Packing Co.* (1978), 59 Ill. App. 3d 563, 375 N.E.2d 873; *Dinn Oil Co. v. Hanover Insurance Co.* (1967), 87 Ill. App. 2d 206, 230 N.E.2d 702.) The Civil Practice Act provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1975, ch. 110, par. 33(3).) Liberal construction of a pleading requires that "no pleading is to be deemed bad which shall contain such information as shall reasonably inform the opposite party of the nature of the claim." *Crosby v. Weil* (1943), 382 Ill. 538, 48 N.E.2d 386. Accord, *Bohacs v. Reid* (1978), 63 Ill. App. 3d 477, 379 N.E.2d 1372; *Herman v. Prudence Mutual Casualty Co.* (1968), 92 Ill. App. 2d 222, 235 N.E.2d 346.

Count II alleged that the defendant instructed plaintiff, a handicapped student, to work in the faculty lounge of the school where

teachers left burning cigarettes and matches in the vicinity of a highly flammable liquid. The defendant urges that when the complaint alleged that the Board allowed "its teachers to leave burning cigarettes and matches in the faculty lounge area in the vicinity of a highly flammable liquid" that this raised the inference that a wall separated the cigarettes and matches from the flammable substance and as such no reasonably foreseeable risk existed. We do not agree.

■■ ■ Vicinity has been defined as "a surrounding area" or an area in "proximity" to another. (Webster Third New International Dictionary (1976).) Therefore, the use of the word vicinity does not reasonably infer the existence of a wall separating the flammable copying fluid from the source of ignition, the burning cigarettes and matches. While admittedly, the complaint might have stated with greater clarity the location of the cigarettes and matches in regard to the copying fluid, in view of the supreme court's statement in *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 147 N.E.2d 329, that the basic purpose of the Civil Practice Act is to remove barriers which prevent the trial of a case on the merits and as the defendant here did nothing to remedy this lack of clarity and, in fact, promoted it by not specifically pointing out the defects in the pleadings so that the plaintiff could cure such defects, we find that the plaintiff's amended complaint sufficiently alleged a duty, breach of duty, and proximate cause and therefore should not have been dismissed for failure to state a cause of action. *Fanning v. Lemay* (1966), 78 Ill. App. 2d 166, 222 N.E.2d 815.

The defendant next contends that the trial court's dismissal of count II was warranted because, under *Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 347 N.E.2d 705, a school board cannot be held liable to a student for injuries resulting from the negligent operation and maintenance of a school's premises. The plaintiff suggests that this issue is controlled by *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1326, the recent Illinois Supreme Court decision dealing with educator tort immunity. We agree.

In *Kobylanski*, based on section 24—24 of the School Code (Ill. Rev. Stat. 1975, ch. 122, par. 24—24), the court granted educational personnel *in loco parentis* status (*Mroczynski v. McGrath* (1966), 34 Ill. 2d 451, 216 N.E.2d 137; *Nudd v. Matsoukas* (1956), 7 Ill. 2d 608, 131 N.E.2d 525) where a child is injured in " 'activities connected with the school program' " as a result of improper supervision. (*Kobylanski v. Chicago Board of Education* (1976), 63 Ill. 2d 165, 171.) The *in loco parentis* status, the court explained, immunized teachers and school boards from suit based on ordinary negligence but not acts of wilful and wanton misconduct.

In *Gerrity v. Beatty* (1978), 71 Ill. 2d 47, 373 N.E.2d 1326, the trial court dismissed the plaintiff's action for negligence because the plaintiff

alleged the ordinary negligence of the school board in providing an ill-fitting and inadequate football helmet to the plaintiff contrary to the holding in *Kobylanski.* On appeal, the supreme court held that educational personnel are liable for acts of ordinary negligence in supplying a student with faulty athletic equipment. *Gerrity* was distinguishable from *Kobylanski,* the court noted, because the teacher-student relationship sought to be protected in *Kobylanski,* though present in *Gerrity,* was not the source of the alleged negligence. As no direct teacher-student relationship would be jeopardized by the suit, the court declined to interpret section 24—24 in any way "which would relax a school district's obligation to insure that equipment provided for students in connection with activities of this type is fit for the purpose." 71 Ill. 2d 47, 52.

The defendant contends that the present appeal is controlled by *Kobylanski* rather than *Gerrity* because the plaintiff's allegation of negligent maintenance in count II, when realistically viewed, is actually an allegation of negligent supervision in that the complaint alleges that the plaintiff was assigned to work in the lounge by his teacher who also determined that it would be beneficial for him to perform these tasks unsupervised. In the defendant's view, these facts suggest that a teacher-student relationship existed and that it was the teacher's lack of supervision which proximately caused the plaintiff's injuries.

■■ We do not agree. Count I of the plaintiff's amended complaint alleged the negligent supervision of the plaintiff's teacher in leaving a mentally handicapped child alone and unsupervised in the faculty lounge. The trial court dismissed that count and the plaintiff, as already noted, does not appeal that decision. Count II, however, is based on a quite distinct ground. In that count, the plaintiff alleges that aside from the conduct of the teacher, the conduct of the Board was negligent in allowing teachers to smoke and leave cigarettes burning in close proximity to a flammable liquid. While count I was based on the Board's liability for the action of the plaintiff's teacher, count II was based on the acts of other of the Board's agents. Clearly, under count II the teacher-student relationship present between Jackie Griffis and his teacher did not give rise to the conduct which was the proximate cause of the plaintiff's injuries. Moreover, there was no personal contact between the plaintiff and any of the Board's agents in operating and maintaining the faculty lounge. Therefore, there is no reason to provide immunity to the Board as a guarantee that the teacher-student relationship between the plaintiff and his teacher will not be jeopardized. Like the court in *Gerrity,* we are not anxious to relieve school boards from liability for acts which do not clearly fall within the doctrine of educational immunity set forth in *Kobylanski.*

For the foregoing reasons the order of the circuit court of Cook County dismissing count II of the plaintiff's amended complaint is reversed and the case is remanded to the circuit court of Cook County with instructions to reinstate count II of the plaintiff's amended complaint.

Judgment reversed; cause remanded to the circuit court of Cook County with directions.

GOLDBERG, P. J., and McGLOON, J., concur.