## AVOID FURTHER ACTION!
The decision is now yours.
### DELAY CANNOT BE TOLERATED
### ACT NOW TO PROTECT YOUR CREDIT AND
AVOID POSSIBLE ADDITIONAL EXPENSES.

PLAINTIFF'S
EXHIBIT

| TO THE ATTENTION OF | MAKE PAYMENT DIRECTLY TO | ACCOUNT NO |
|---|---|---|
| BINGHAM, MICHAEL | MERCY HOSPITAL E 7TH ST | 104970. PAY THIS AMOUNT |
| LEEDS, ND 58346 | DEVILS LAKE, ND 58301 | 928.65 |

ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↕ ADDRESS ↕ SHOWING THROUGH WINDOW

PLAINTIFF'S
EXHIBIT

COLLECTION
BUREAU OF NORTH DAKOTA, LTD.

## NOTICE OF FURTHER ACTION
You have ignored us. Will recourse by COLLECTION BUREAU be the only alternative?

### PAY WITHIN 24 HOURS
### THIS IS FINAL

| TO THE ATTENTION OF | MAKE PAYMENT DIRECTLY TO | ACCOUNT NO. |
|---|---|---|
| BINGHAM, MICHAEL | MERCY HOSPITAL E 7TH ST | 104970 PAY THIS AMOUNT |
| LEEDS, ND 58346 | DEVILS LAKE, ND 58301 | 928.65 |

ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↕ ADDRESS ↕ SHOWING THROUGH WINDOW

**Anthony HOLMES, Plaintiff,**

v.

**CHICAGO TRANSIT AUTHORITY, a municipal Corporation, and James LaFollette, Defendants.**

**No. 80 C 3577.**

United States District Court,
N. D. Illinois, E. D.

Jan. 12, 1981.

Nicholas J. Motherway, Philip Corboy & Assoc., Chicago, Ill., for plaintiff.

Edmund J. Burke, Hoffman & Burke, Chicago, Ill., for defendants.

## Memorandum

LEIGHTON, District Judge.

This cause is before the court on defendants' motion to abstain and to stay further proceedings, construed by this court's order dated September 19, 1980, as a motion to dismiss. The issue presented is whether this court may dismiss the complaint because plaintiff has a similar action pending against defendant in an Illinois state court, and plaintiff is capable of asserting all of his claims there. For the following reasons, the complaint is dismissed.

In a complaint filed with this court on July 10, 1980, plaintiff Anthony Holmes alleges that he was arrested in the vicinity of 3558 West Congress Parkway in Chicago, Illinois, by defendant James LaFollette who was allegedly acting within the scope of his employment as a police officer for defendant Chicago Transit Authority at the time in question; and that while under arrest and in LaFollette's custody, Holmes was shot in the face by LaFollette without provocation or justification. The complaint alleges that the acts and occurrences complained of constitute intentional and negligent violations of his civil rights, protected by 42 U.S.C. § 1983. Sometime prior to July 10, 1980, plaintiff filed an action in the Circuit Court of Cook County, Illinois, County Department, Law Division, against LaFollette and the Chicago Transit Authority, complaining of the same occurrence in

substantially identical language known as Cause No. 80 L 5129. The action filed in state court, however, sounded in tort, and did not allege any violation of Section 1983. Defendants claim that because both the state and federal complaints involve the same alleged incident, contain virtually identical factual allegations and both seek monetary relief from the same defendants, the complaint in this case should be dismissed as the more recently filed one in order to avoid duplication of judicial effort and time spent.

In *Klondike Helicopters, Ltd. v. Fairchild Hiller Corp.*, 334 F.Supp. 890 (N.D.Ill.1971) a similar issue was presented. There, a diversity case, defendant requested dismissal because an identical case was pending against it in a Washington state court. The district court held that it could dismiss, citing in support thereof Ill.Rev.Stat., ch. 110, § 48(1)(c). That section provides that an action may be dismissed on the ground that "[t]here is another action pending between the same parties for the same cause." While that cause involved diversity jurisdiction, and this case is predicated on a federal statute question, this court finds the policy of avoiding duplicative litigation highly persuasive.

It is well settled that the pendency of an action in the state court is no bar to proceedings concerning the same matter in a federal court having subject matter jurisdiction. *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910). Equally well established is the principle that a federal district court is under no compulsion to exercise that jurisdiction. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494, 62 S.Ct. 1173, 1175, 86 L.Ed. 1620 (1942). The decision whether to exercise jurisdiction is "largely committed to the 'carefully considered judgment' . . . of the district court." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 663, 98 S.Ct. 2552, 2557, 57 L.Ed.2d 504 (1978), *quoting Colorado River Water Conser. Dist. v. United States*, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976). As noted in *Will*, 437 U.S. at 665, 98 S.Ct. at 2558:

There are sound reasons for [the court's] reiteration of the rule that a district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court. No one can seriously contend that a busy federal trial judge, confronted both with competing demands on his time for matters properly within his jurisdiction and with inevitable scheduling difficulties because of the unavailability of lawyers, parties, and witnesses, is not entrusted with a wide latitude in setting his own calendar.

To permit plaintiff to duplicate in this court all discovery, pre-trial motions and trial efforts made in the state court would be to approbate inefficient use of scarce judicial resources, and would result in considerable unfairness to defendants LaFollette and Chicago Transit Authority.

In *Colorado River Water Conser. Dist. v. United States*, 424 U.S. 800, 819, 96 S.Ct. 1236, 1247, 47 L.Ed.2d 483 (1976) the Supreme Court announced three factors to be considered in dismissing a federal suit due to the presence of a concurrent state proceeding: the inconvenience of the federal forum, the desirability of avoiding piecemeal litigation, and the order in which jurisdiction was obtained by the concurrent forums. No one factor is necessarily determinative. *Id.* at 819, 96 S.Ct. at 1247. In this case, two of the three are satisfied, and the third has no application to the circumstances presented here.

The first of the *Colorado River* factors, that of convenience, is not applicable in that both complaints are pending in the same city—Chicago—albeit in different judicial systems. Consequently, it cannot be said, nor has it been argued, that one forum is more convenient than the other. Second, piecemeal litigation is never a goal sought to be attained by the courts; tactical delays and the possibility of inconsistent judgments are to be avoided. Thus, dismissal of the more recently filed federal action is clearly warranted. Finally, the third *Colorado River* factor is satisfied in that the state action was filed before the federal suit. *Supplemental Memorandum in Support of Defendants' Motion to Dismiss*, p. 4.

However, a fourth unarticulated *Colorado River* factor must be considered, and that is whether the federal and state courts have concurrent jurisdiction over plaintiff's claims. In this case, careful review of relevant case law reveals that the Illinois state court does indeed have jurisdiction over plaintiff's civil rights claims concurrent with the jurisdiction of this court. Any doubts that state courts may entertain Section 1983 claims were dispelled by *Martinez v. California*, 444 U.S. 277, at 283, n.7, 100 S.Ct. 553, at 558, n.7, 62 L.Ed.2d 481 (1980). There, while reserving the question whether state courts are obligated to entertain Section 1983 actions, the court held that Congress has not barred them from doing so. *Maine v. Thiboutot*, 448 U.S. 1, 4 n.1, 100 S.Ct. 2502, 2503 n.1, 65 L.Ed.2d 555, 558 n.1. (1980).

Illinois courts have entertained Section 1983 actions for several years. In *Alberty v. Daniel*, 25 Ill.App.3d 291, 323 N.E.2d 110, 114 (1st Dist. 1974) the court concluded that Illinois courts have jurisdiction to adjudicate claims for alleged violations of civil rights predicated on 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

More recently, in *Bohacs v. Reid*, 63 Ill. App.3d 477, 20 Ill.Dec. 304, 379 N.E.2d 1372 (2d Dist. 1978) the Illinois Appellate Court reiterated its position that the courts of the state of Illinois have concurrent jurisdiction with the federal courts to hear claims founded on alleged violations of Section 1983. This court perceives *Bohacs* and *Alberty* as evidence of the continued willingness of Illinois courts to exercise jurisdic-

tion to protect individual civil rights as set forth and guaranteed by federal law. Consequently, the fourth *Colorado River* factor, which requires that the state and federal court have concurrent jurisdiction over plaintiff's claims, is satisfied. For these reasons, the above-entitled cause must be and the same hereby is dismissed.

So ordered.