James CAPLINGER, Sr., and James Caplinger, Jr., Plaintiffs,

v.

Charles R. CARTER, III, et al., Defendants.

Civ. A. No. 80–4259.

United States District Court, D. Kansas.

June 23, 1982.

Charles D. McAtee, Eidson, Lewis, Porter & Haynes, Topeka, Kan., for plaintiffs.

Wilburn Dillon, Jr., George E. Erickson, Jr., Robert E. Duncan, II, Asst. City Attys., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the Court on defendants' motion to dismiss. This is a civil rights action involving claims of police misconduct and unlawful use of force. This action has been brought against the City of Topeka and various police officers and supervisors. Plaintiffs have filed an identical civil action in the Shawnee County, Kansas, District Court. Defendants object to defending identical lawsuits in different courts, and are concerned about the prospects of encountering inconsistent results in the two cases.

Plaintiffs come before the Court and state that they filed a motion to dismiss their state case without prejudice, which motion was denied on May 20, 1982. The state district judge denied that motion because defendants had filed a counterclaim in the state case, and K.S.A. 60–241(a)(2) prohibits dismissal without prejudice in the face of objections by a counterclaimant. The objecting counterclaimant in the state case is defendant Hren, one of the defendants moving to dismiss in this case.

The position of the parties before the Court is as follows. Plaintiffs wish to dismiss their state court action and pursue their remedies in federal court. Defendants refuse to allow plaintiffs to dismiss their state case. Defendants wish the matter to be tried in the state court.

As framed by the defendants, the precise issue before the Court is whether or not the Court should dismiss this case, or abstain in this action on grounds of judicial economy and allow the entire case to proceed solely in state court.

This Court has a duty to exercise its jurisdiction and to adjudicate every case fairly brought before it. Abstention is "an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it." *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188, 79 S.Ct. 1060, 1062, 3 L.Ed.2d 1163 (1959). The United States Supreme Court has stated that abstention should be con-

fined to three categories of cases: (1) "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law" [*County of Allegheny, supra*, at 189, 79 S.Ct. at 1063]; (2) cases which present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" [*Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976)]; and (3) cases in which, "absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." *Id.* at 816, 96 S.Ct. at 1245. Defendants have failed to show that any of these exceptions apply to this case.

A fourth category has been recognized by many lower courts. Abstention is sometimes proper in situations involving the contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts, in order to prevent duplicative litigation. It is upon this ground that defendants base their motion to dismiss or abstain.

This Court is not required to dismiss a lawsuit just because there is a lawsuit pending in a state court between the same parties involving the same subject matter. *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910). Independent actions involving the same claim are allowed, usually, to proceed simultaneously in both the federal and state courts until one of them results in a judgment which may be asserted as *res judicata* in the other. *Liberty Mutual Ins. Co. v. C. D. Price*, 48 F.R.D. 1, 3 (S.D.Ohio 1969). *See also, Colorado River, supra*, 424 U.S. at 817, 96 S.Ct. at 1246. Although there is no doubt about the power of federal district courts to stay a federal action until a similar action is concluded in the state court (1A Moore's Federal Practice ¶ 0.203[4]), the United States Court of Appeals for the Tenth Circuit has maintained a fairly restrictive view of stays in such situations.

The Tenth Circuit has not specifically ruled out abstention, however. Consistently it has held that a district court should not dismiss a case in which it intends to abstain. Rather, the court of appeals has directed the district courts to hold the action in abeyance pending final resolution of the state case. *University of Oklahoma Gay People's Union v. Board of Regents*, 661 F.2d 858 (10th Cir. 1981); *Western Food Plan, Inc. v. J. D. MacFarlane*, 588 F.2d 778 (10th Cir. 1978); *Continental Oil Co. v. State of Oklahoma*, 574 F.2d 1016 (10th Cir. 1978). Therefore, defendants' motion to dismiss will be denied.

The question remains whether the Court should hold this action in abeyance pending final determination in the state court. The United States Supreme Court discussed the so-called fourth abstention exception in the *Colorado River, supra*, case in 1976.

The United States Supreme Court recognized that in a case involving concurrent jurisdiction between state and federal courts, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," might dictate that the federal court should defer to the state court proceeding. 424 U.S. at 817, 96 S.Ct. at 1246. That court held that abeyance in such situations is limited to exceptional circumstances, however.

The Court went on to list at least some of the factors that a federal court should consider in deciding whether or not to invoke its power to abstain in such circumstances. They are: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation; and (3) the order in which jurisdiction was obtained by the different courts. *Id.* at 818, 96 S.Ct. at 1246. There has been added a fourth factor: whether or not the state court has power to completely adjudicate all of the plaintiff's claims. *Holmes v. Chicago Transit Authority*, 505 F.Supp. 877, 879 (N.D.Ill.1981).

The Supreme Court has plainly stated that only the "clearest of justifications" will warrant abstention in a case by a district court. *Colorado River, supra*, 424 U.S. at 819, 96 S.Ct. at 1247. The case is referred to in one influential treatise as discouraging the liberal use of the "fourth abstention exception." In 17 Wright and Miller, Federal Practice and Procedure: Civil § 4247, it is stated:

"The teaching of the Colorado River case is that only 'exceptional' circumstances will permit a federal court to refrain from exercising its jurisdiction for reasons of wise judicial administration due to the presence of a concurrent state proceeding. Thus the proper occasions for use of the fourth abstention doctrine in the future will be much fewer than they have seemed in the past to some lower courts." *Id.* at 519, 96 S.Ct. at 1247.

It cannot be denied that a decision to stay this lawsuit would serve at least some of the policy considerations referred to in *Colorado River, supra*. A stay certainly would serve to conserve judicial resources by avoiding piecemeal, repetitive litigation. It is important to note that abstention would not significantly harm plaintiffs, who have an adequate state court remedy for their civil rights and common law causes of action.

Despite these considerations, we conclude that abstention is not warranted in this case. Federal district courts are charged in the first instance with enforcement of the civil rights statutes. There is a strong federal interest in litigating in this federal court a civil rights case which the plaintiff has chosen to commence here.

Second, the rationale of conserving judicial resources by staying a case when the parallel case is in another federal court "simply does not apply as forcefully when the parallel case is pending in a state court." *Hodges v. Rogers*, No. 79–4053 (D.Kan., *unpublished*, June 19, 1979), *following Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1246. Abstention in such a case is reserved for more exceptional circumstances.

Finally, the simple fact that parallel litigation exists in a state court has never been

held to be an "exceptional circumstance." Also, the mere fact that defendants will be put to a duplication of effort, if the Court refuses to stay the case, is not an "exceptional circumstance." *Gentron Corp. v. H.C. Johnson Agencies, Inc.*, 79 F.R.D. 415, 417–18 (E.D.Wis.1978). In fact, it has been suggested that, "in the absence of a manifest congressional policy that a given case be litigated in the state courts, it may well be that it would be an abuse of discretion for a district court to stay or dismiss a federal action because of the pendency of a similar state proceeding." 1A Moore's Federal Practice, ¶ 0.203[4], at 2141. Our dockets are crowded, but it would be clearly erroneous to stay this case on that ground. *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

Defendants' motion to dismiss will therefore be overruled, and this case will be referred to the United States Magistrate for pretrial.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss is hereby denied.