JORDAN PATTERSON POST, et
al., Plaintiffs,

v.

F.T. "Jim" CHAFFEE, et al.,
Defendants.

Nos. 80–4016 to 80–4019, 80–4166 to 80–
4168, 79–1475, 80–4247 and 80–4006.

United States District Court,
D. Kansas.

June 26, 1984.

Charles S. Scott, Scott, Scott, Scott &
Scott, Topeka, Kan., for plaintiffs.

Donna Voth, Asst. Shaw Co. Counselor,
Topeka, Kan., for Board of Co. Commis-
sioners.

Wayne T. Stratton, Goodell, Stratton, Ed-
monds, Palmer Wright, Topeka, Kan., for
Shelly Dugan and Fred Howard.

Dan E. Turner, City Atty., Topeka, Kan.,
for City of Topeka and Fred Howard.

Eldon L. Gay, Topeka, Kan., for Ed Smith.

## ORDER

ROGERS, District Judge.

On June 27 and 28, 1979, a group of officers from the Shawnee County Sheriff's Department and the City of Topeka Police Department as well as officers from other law enforcement agencies executed a search warrant on the Jordan Patterson American Legion Post No. 319. This raid has spawned a number of lawsuits, both in state court and in this court. The above-mentioned cases, which have been consolidated for trial, are presently before the court on the motion of defendants Fred Howard and Shelly Dugan to stay these proceedings until the state court cases in which they are defendants are resolved or, in the alternative, to have all of the plaintiffs in the state court cases joined as involuntary plaintiffs here.

Defendants suggest that this motion is prompted by a recent order of the judge handling the state court cases. In that order, Judge Adrian J. Allen joined all of the plaintiffs in the cases in this court as plaintiffs in the state court actions pursuant to K.S.A. 60–219(a). Defendants also contend that this motion is prompted by their concern not to be subjected to multiple trials on the issue of punitive damages for the identical conduct.

Defendants first seek a stay of these cases pursuant to what has been termed the "fourth type" of abstention which applies only in "exceptional circumstances." *Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). This type of abstention concerns whether a federal court may stay or dismiss an action on the sole ground that there is a similar action pending in state court in which the controversy between the parties can be resolved. It is based on pragmatic considerations of " '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.' " *Colorado River Water Conserva-* *tion Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (quoting from *Kerotest Mfg. Co. v. C-O-Two Fire Equipment*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)).

■ There are several elements in the "exceptional circumstances" test. Those factors include: whether the cases are *in rem* and involve the same property, whether there is a policy of avoiding piecemeal litigation, which of the concurrent forums first obtained jurisdiction, what law is applicable, and whether the federal forum would be inconvenient. *Cone Memorial Hospital v. Mercury Construction Corp.*, *supra*, 460 U.S. at 19, 103 S.Ct. at 939. These factors, however, are not to be employed mechanically, but are to be "carefully balanc[ed] ... with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.*, at 16, 103 S.Ct. at 937.

■ Defendants argue that, under the standard set forth in *Cone Memorial*, this court should stay these proceedings and allow the state court to resolve the cases filed there. We cannot agree. In evaluating the factors articulated in *Cone Memorial*, we believe that the balance tips in favor of this court continuing to exercise jurisdiction.

The plaintiffs in these cases, for the most part, seek relief under civil rights statutes, 42 U.S.C. §§ 1981, 1983, 1985 and 1986. This court is unaware of what causes of actions the plaintiffs in the state court cases have stated. The court assumes that civil rights claims have been alleged but it could be that only state tort claims are stated. We raise this point because it goes to the issue of avoiding piecemeal litigation. The court would not be avoiding piecemeal litigation if different causes of actions are stated by the respective plaintiffs in the state and federal actions arising from the raid of the Jordan Patterson. However, for the purposes of deciding the instant motion, the court shall assume that similar claims have been made in both state and federal court. Even with this assump-

tion, we conclude that these cases should proceed in federal court.

All of the remaining factors stated in *Cone Memorial* point toward this court retaining jurisdiction. First, the instant cases are actions *in personam* rather than *in rem* and do not involve the same property. Second, jurisdiction of these cases was first obtained in this court when *Christopher v. Chaffee,* Case No. 79–1475, was filed on December 10, 1979. The state court actions were not filed until 1980. Third, in actions under the civil rights statutes, federal law is generally applicable. It does not appear that any significant questions of state law remain in this case. Further, as stated by Judge Saffels in *Caplinger v. Carter,* 541 F.Supp. 716, 718 (D.Kan.1982):

> Federal district courts are charged in the first instance with enforcement of the civil rights statutes. There is a strong federal interest in litigating in this federal court a civil rights case which the plaintiff has chosen to commence here.

Finally, the federal court is not inconvenient as compared with the state court. Both courts sit in Topeka. In sum, we find nothing to justify staying this action under the "exceptional circumstances" test. We do not find the fact that Judge Allen has joined the plaintiffs in these cases with those in the state court cases to be of great significance in examining the issue presented here. Simply because "parallel litigation exists in state court has never been held to be an 'exceptional circumstance.'" *Caplinger v. Carter, supra,* at 718–719. Accordingly, defendants' motion to stay shall be denied.

The court shall now move to defendants' alternative motion to join the plaintiffs in the state court cases as involuntary plaintiffs here pursuant to Fed.R.Civ.P. 19(a). Defendants prime concern is avoiding two trials on the issue of punitive damages. They argue that since all of these cases, both in state and federal court, arise out of the same incident it would be unfair to subject them to multiple punitive damage awards.

Fed.R.Civ.P. 19(a) provides as follows:

> Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Defendants contend that the state court plaintiffs are necessary parties here under the aforementioned rule because of the risk to them of multiple liability and inconsistent obligations and because complete relief cannot be accorded among those who are already parties. While defendants argue for joinder of the state court plaintiffs as involuntary plaintiffs here under Rule 19, much of their brief focuses upon the propriety of establishing a class action here.

First, the court believes that the defendants misunderstand the concept of the joinder of a party as an involuntary plaintiff. The involuntary plaintiff principle allows *a plaintiff* in a "proper case" to require joinder of a party who must be added as a co-plaintiff if the action is to continue. Wright & Miller, *Federal Practice and Procedure: Civil* § 1606. Involuntary joinder as a plaintiff is only permis-

sible if the absent party is both beyond the jurisdiction of the court and the party seeking joinder is entitled to use the nonparty's name to prosecute the action. *Stanton v. Ash,* 384 F.Supp. 625, 632 (S.D.Ind.1974). Thus, defendants' efforts to have the plaintiffs in the state court cases joined as involuntary plaintiffs in this case must fail.

■ We next move to consideration of whether the plaintiffs in the state court should be joined under the standards set forth in Rule 19(a). Rule 19(a) first provides that a person shall be joined as a party if in his absence complete relief cannot be accorded among those already parties. "Complete" relief refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought. *United States v. County of Arlington,* 669 F.2d 925, 929 (4th Cir.1982). Since complete relief can be accorded between the parties here, we find this factor inapplicable to the instant case.

Rule 19(a) next provides that a person shall be joined as a party in the action if he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may as a practical matter impair or impede his ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. The court finds it necessary to proceed only to the first aspect of the second clause of Rule 19. The "interest relating to the subject matter of the action" that makes an absent person a party needed for just adjudication must be a legally protected interest, not merely a financial interest or interest of convenience. 3A *Moore's Federal Practice* ¶ 19.07–1[2]. The plaintiffs in the state court cases have no legally protected interest in the subject matter of the cases proceeding in this court. Each of the plaintiffs in state court has an independent cause of action and each of the plaintiffs in this court has an independent cause of action. There is no need for joinder of the state court plaintiffs in order to justly adjudicate the cases filed in this court. Accordingly, defendants' motion to join the plaintiffs in the state court cases is denied.

As stated previously, much of the defendants' brief is consumed by arguments that this case is apparently appropriate for class action certification. We note, however, that defendants have made no such motion and have not analyzed this case under the requirements of Fed.R.Civ.P. 23. Thus, we decline to consider whether these cases should be certified as a class action.

The court believes that the defendants' concern in avoiding multiple punitive damage awards can be handled in other ways without resorting to the procedures suggested in the instant motion. *See Unified School Dist. No. 490 v. Celotex Corp.,* 6 Kan.App.2d 346, 629 P.2d 196, 206 (1981). Therefore, we find no reason to take the steps suggested by the defendants in the instant motion.

IT IS THEREFORE ORDERED that defendants' motion to stay these proceedings be denied.

IT IS FURTHER ORDERED that defendants' alternative motion to join all of the plaintiffs in the pending state court cases be denied.

IT IS SO ORDERED.